## RHODEN *v.* JOHNSTON.

### Opinion delivered December 13, 1915.

1.  ROAD OVERSEER—CONWAY COUNTY—EMPLOYEE.—Act 163, p. 417, Special Acts 1911, providing for the working of roads in Conway County, by the appointment of a road overseer, *held*, not to create an office, but merely to provide for the employment of some person to work the roads.

2.  PUBLIC OFFICE—WHAT CONSTITUTES.—An office is a public station or employment, conferred by appointment of government, and embraces the ideas of tenure, duration, emoluments, and duties.

3.  ROAD OVERSEER—CONWAY COUNTY—ACTION FOR USURPATION.—The position of road overseer of Conway County, under Act 163, p. 417, Special Acts 1911, is not an office, and an action at law will not lie for the usurpation of the position nor can the contractor maintain a suit to require the county court to specifically perform the contract.

Appeal from Conway Circuit Court; *M. L. Davis,* Judge; reversed.

*Edward Gordon,* for appellants.

1.  Appellants' demurrer should have been sustained. Appellee's position is an employment and not an

office. Const. Art. 7, § 27. Appellee only held his position by contract and is not an elective officer. Acts 1911, No. 163,. § § 4 and 9, etc.

2. The power of removal from office is incident to the power of appointment. 39 Ark. 211; 15 Pac. 92; 44 Miss. 352; 7 Am. St. 686; 73 N. Y. 437; 3 N. Y. Supp. 522; 149 N. Y. 215; 46 Tenn. 486; 24 Tex. 253; 2 Brock. 96; 69 Ark. 460; 84 *Id.* 540.

3. A court of law can not enforce specific performance. 1 Pom. Eq. Jur. (3 ed.), § 138.

*W. P. Strait,* for appellee.

1. Appellee was the legally appointed and qualified road overseer under Acts 1911, No. 163, and this suit for usurpation of office is clearly within the rule laid down in 84 Ark. 540. 68 Ark. 555; 66 *Id.* 201; 69 *Id.* 609.

2. If the complaint was vague, indefinite or uncertain, the remedy was by motion to make more definite and certain, and not by demurrer. 91 Ark. 400; 90 *Id.* 158; 89 *Id.* 136; 87 *Id.* 136.

3. The power of removal being vested in the county *court,* the county judge could not remove.

McCULLOCH, C. J. There is a road law in operation in Conway County which was specially enacted by the General Assembly of 1911. Session Acts, 1911, p. 417. Section 4 of the statute reads as follows:

"The county court of said county, at the October term in each year, shall contract with suitable persons for the improvement, working and keeping in repair the several roads and highways of the county, by districts, as shall have been designated; and, in case suitable persons can not be contracted with during said term, the county court, or the judge thereof in vacation, may thereafter, from time to time, contract with persons for such work, repair and improvements as aforementioned; which said contract shall be filed in the office of the county clerk, and by him preserved. The person or persons so contracted with shall be the overseer of such roads or road district covered by his contract and shall have the power and legal authority to warn out and work all persons subject

to road duty who may be apportioned to such roads and road districts covered by such contract, and to collect all money paid by such persons in lieu of and for labor on such roads. Such contractor shall give bond in sufficient sum to be fixed by the county court or judge thereof in vacation, conditioned that he will faithfully perform the terms of his contract, keep and properly care for all tools and other property of the county coming into his hands as such, and turn the same over to his successor at the termination of his contract which contract shall not be for a period exceeding one year, and to account for and turn over to the county court all money collected due the county from free labor and from all other sources."

Other sections of the statute provide that "said contractor shall keep such road or roads of his district in the condition required by the county court, or judge thereof in vacation;" and that the county court shall have power to remove any contractor and revoke the contract any time for reasonable cause, and the county courts "shall not pay such contractor for any services rendered under such contract or money paid out until such contractor shall present to the county court a full and complete statement showing all moneys collected since filing his last statement," etc.

Pursuant to the terms of the statute the county court of that county entered into a written contract with appellee J. M. Johnston to work the roads in a certain district in the county for a period of one year. The contract provided that appellee should receive as his compensation for the discharge of his duties under the contract "a sum equal to $1.50 per day of eight hours for each day or part thereof when engaged in actual discharge of his duties as such overseer, and shall receive such further sums as he may pay out on contracts for hands and teams used in work on said roads, each team to be at $2 a day and each hand not exceeding $1 a day, which said amount shall be the full and complete compensation of said overseer under this contract."

This action was originally instituted by appellee in the chancery court against the county judge and Luther

Venable, alleging that they were attempting to oust him from his office as road overseer and were interfering with him in the performance of his duties of the office, and he prayed that they be restrained from so doing. He also prayed for a mandatory injunction compelling appellants to return to him all the road tools belonging to the county which had been taken from him. The temporary restraining order was issued pursuant to the prayer of the complaint, but subsequently an amended complaint was filed stating in substance the same facts, and asking that the cause be transferred to the circuit court. The order of transfer was made and the cause tried in the circuit court, and was treated there as an action against the county judge and Venable for the recovery of the office of road overseer, which it is alleged appellant Venable is unlawfully holding contrary to the rights of appellee. Final judgment was rendered by the circuit court ousting Venable from office and restoring appellee thereto.

(1) Counsel for appellee defend the judgment of the court on the ground that the position of road overseer in Conway County, under the statute referred to, is a public office and that this action properly lies to recover the office from appellant Venable who is attempting to hold it unlawfully. *Lucas* v. *Futrall,* 84 Ark. 540. The controlling question in the case, therefore, is whether or not the controversy arises over an office or a mere employment as contractor or road overseer. We are of the opinion that the statute does not create an office, but merely provides for the employment of some person to work the roads. A consideration of the statute quoted above makes it plain that the position of overseer has none of the elements of an office, but is purely an employment. It does not come up to any of the tests necessary to constitute an office.

(2) An apt definition is given by the Supreme Court of the United States in the case of *United States* v. *Hartwell,* 6 Wall. 385, as follows: ''An office is a public station or employment, conferred by the appointment of government, and embraces the ideas of tenure, duration, emolument, and duties.''

The same court, in *Hall* v. *Wisconsin,* 103 U. S. 5, said: "Where an office is created, the law usually fixes the compensation, prescribes its duties, and requires that the appointee shall give a bond with sureties for the faithful performance of the service required."

The Supreme Court of Mississippi, in *Shelby* v. *Alcorn,* 36 Miss. 273, gave a definition which has met our approval, as follows: "And we apprehend that it may be stated as universally true, that where an employment or duty is a continuing one, which is defined by rules prescribed by law and not by contract, such a charge or employment is an office, and the person who performs it is an officer."

In *United States* v. *Maurice,* 2 Brock. 96, Chief Justice Marshall said: "Although an office is 'an employment,' it does not follow that every employment is an office. A man may certainly be employed under a contract, express or implied, to do an act, or perform a service, without becoming an officer."

(3) There is a very interesting and useful discussion on this subject in the note to the case of *Shelby* v. *Alcorn, supra,* 72 Am. Dec., pp. 179-189, and a consideration of the authorities collated there convinces us that the statute does not create the office of road overseer, but merely provides for employment. In the first place, there is no definite tenure of office prescribed. The statute merely provides that a contract shall be entered into to cover a period of not exceeding one year. The contract may be entered into either by the county court or by the county judge in vacation, and it may be for a day or for a week, a month or a year. The emoluments of the office, also, are not fixed by statute, but are left purely to the contract to be entered into from time to time. The contract in this case provides not only for the *per diem* compensation of the contractor, but for the price he is to be paid for hired labor and for teams furnished in road working. It follows, therefore, that since the position of road overseer is not an office, an action at law will not lie for the usurpation of the position, nor can the contractor

maintain a suit to require the county court to specifically perform the contract.

Counsel for appellee insist that we have heretofore decided that a road overseer under the statutes of this State is a public officer. We decided in the case of *Condren* v. *Gibbs,* 94 Ark. 478, that a township road overseer is a public officer, but that was under a different statute from the one now under consideration and that decision has no application to the present case.

The judgment in this case is reversed and the cause dismissed.