The Honorable David R. Malone State Senator P. O. Box 1048 Fayetteville, Arkansas 72701
Dear Senator Malone:
This is in response to your request for an opinion on the following question:
 Can an attorney who is a member of a municipal governing body legally serve as counsel to the Board of Improvement of a Central Business Improvement District which will levy assessments against property within the district to finance construction of public improvements?
It is my opinion that the mere holding of both positions does not create an unlawful conflict of interest in cities that are not operating under a commission form of government. As a general rule, there are three categories of unlawful conflicts of interest: a constitutional conflict, a statutory conflict, and a conflict created by offices having incompatible duties. Bryd v. State, 240 Ark. 743, 402 S.W.2d 121 (1966).
We find no constitutional or statutory provision precluding a member of a municipal governing body from serving as counsel to the Board of Improvement of a Central Business Improvement District ("District"). Accordingly, the inquiry must focus on whether the duties of these two positions are incompatible. "In other words, does the discharge of the duties of one conflict with the duties of the other, to the detriment of the public good?" State ex rel. Murphy v. Townsend, 72 Ark. 180, 184, 79 S.W.2d 782
(1909). The Arkansas Supreme Court has stated that a conflict of interest arises where a person holds two offices, one of which is subordinate to the other. Tappan v. Helena Federal Savings 
Loan Association, 193 Ark. 1023, 104 S.W.2d 458 (1937). This analysis appears to be premised upon the existence of two "offices." It may be successfully contended in this instance that the position of counsel to the Board of Improvement is not an "office" for purposes of the analysis set forth in the Tappan case, supra. The Arkansas Supreme Court has stated that "[a]lthough an office is an "employment," it does not follow that every employment is an office. A man may certainly be employed under a contract, express or implied, to do an act, or perform a service without becoming an officer." Rhoden v. Johnston,121 Ark. 317, 321, 181 S.W. 128 (1915).
Assuming, however, that the "incompatibility of office" conflict is potentially applicable in this instance, the following statement in Tappan must be considered:
 The inconsistency which at common law makes offices incompatible . . . lies rather in the conflict of interest, as where one is subordinate to the other and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other. . . .
193 Ark. at 1025.
It must be noted in this regard that while the commissioners of an improvement district may be removed for cause by the local governing body, there is no provision for the removal of counsel to the district. See Arkansas Code of 1987 Annotated 14-184-111. Counsel to the District is hired by the District and is subject to the District's supervision and control. It is also significant to note in this instance that the city does not as a general matter direct or control the District. A.C.A.14-184-111(a)(1)(B) does, however, provide for the Board of Commissioners to be comprised of the major and city commissioners in cities operating under a commission form of government. A conflict would therefore arguably arise if a city commissioner also counseled an improvement district since, by virtue of his office, he will serve as a commissioner of the district.
It should be noted, finally, that the conflict of interest created through an attorney's representation of two groups with conflicting interests [City of Little Rock v. Cash, 277 Ark. 494,644 S.W.2d 229 (1983)] does not apply in this instance so long as the member of the municipal governing body does not act as counsel to that body. A determination with respect to the attorney's removal from particular cases as counsel to the District can only be made on a case by case basis. Removal would, for instance, probably be indicated in cases involving the city and district as adverse parties.
In conclusion, while the individual serving on the city's governing body and as counsel to the District should not participate in matters involving the District, it may be concluded that a prohibited conflict does not arise by virtue of the mere holding of these positions. Thus, the answer to your question is, generally, yes. As previously noted, however, it may be successfully contended that a conflict does arise if the governing body operates under a commission form of government.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
cc: The Honorable James N. McCord