The Honorable John W. Parkerson State Representative 520 Ouachita Avenue Hot Springs, Arkansas 71901-5196
Dear Representative Parkerson:
This is in response to your request for an opinion on several questions concerning Act 726 of 1991, an act which amends the statutes governing city advertising and promotion commissions, and their expenditure of the city sales taxes levied on the gross receipts from hotels and restaurants. You state that you have been requested by the Hot Springs City Board of Directors to obtain an Attorney General opinion as to the constitutionality of this act.
The specific section of the act giving rise to the questions is Section 1, which amends A.C.A. § 26-75-602 (Cum. Supp. 1991) by adding a new subsection (h). The new subsection provides as follows:
 (h)(1) In any city which levies a tax at the rate of three percent (3%) as authorized in subdivision (d), vacancies on the commission, whether resulting from expiration of a regular term or otherwise occurring after March 1, 1991, in any of the four (4) tourism industry positions provided for in (f)(1) or in the at-large position provided for in (f)(3), shall be filled by appointment made by the remaining members of the commission, with the approval of the governing body of the city.
 (2) Persons selected to fill vacancies in any of the four (4) tourism industry positions provided for in (f)(1) or to fill vacancies in the at-large position provided for in (f)(3) may be persons who reside either within the levying city or in the county outside the levying city. [Emphasis added.]
Your request also indicates that in response to prior legislation, the City of Hot Springs enacted Ordinance 4002, which created an advertising and promotion commission, levied the authorized three percent tax, and set out how the funds should be used, all in accordance with state law as it existed in 1989; (that is, without the new subsection (h) added by the 1991 legislation).
You have posed five questions relating to these facts and the emphasized language above of the new subsection (h). These questions will be set out below and answered in the order posed.
The first question is as follows:
 Act 726 of 1991 is amendatory. Section 1 of the act states that the section is amendatory and in addition to A.C.A. § 26-75-602. Therefore, does the City Board have the option of not changing its present ordinance to incorporate the new section (h)?
It is my opinion that the answer to this question is "no," so long as the new subsection is constitutional. See response to Question 2, infra. Although the act is amendatory, and adds a new subsection to the existing statute, the new subsection, once added, must be read in conjunction with the other provisions of the statute and becomes the controlling state law, as long as it is constitutional. As such, a state law, if constitutional, will govern and control the activities of the local commission administering a sales tax, whether the same provisions are incorporated in a city ordinance or not. See generally A.C.A. §14-43-606(a), Ark. Const. art. 12, § 4, and City of Fort Smith v. Fort Smith Housing Authority, 256 Ark. 254, 506 S.W.2d 534
(1974).
Your second question is as follows:
 The A P Commission is a taxing authority which levies and collects a 3% tax on businesses within the city limits of Hot Springs. Under what authority can the General Assembly provide that non-residents and non-voters may serve on a city commission? Note: The tax is a city tax only and does not apply outside the city's corporate limits.
The answer to your question is that the legislature has plenary authority over municipalities, Nahlen v. Woods, 255 Ark. 974,504 S.W.2d 749 (1974), and can exercise its legislative authority in any manner it sees fit, being constrained only by the provisions of the United States and Arkansas Constitutions. See generally Murphy v. Epes, 283 Ark. 517, 678 S.W.2d 352 (1984). It is my opinion, however, that in this instance, the newly adopted subsection (h)(2) violates the Arkansas Constitution.
Our constitution provides at Article 19, § 3 as follows:
 No persons shall be elected to or appointed to fill a vacancy in any office who does not possess the qualifications of an elector.
This provision applies to city officers, and has been held to require the officer's reside in the political subdivision to be served by the official. Thomas v. Sitton, 213 Ark. 816,212 S.W.2d 710 (1948), and Davis v. Holt, 304 Ark. 619,804 S.W.2d 362 (1991). It is my opinion, additionally, that a member of a city advertising and promotion commission is an "officer." See generally, Thomas, supra, Davis, supra, Rhoden v. Johnston,121 Ark. 317, 181 S.W. 128 (1915), and Charisse v. Eldred,252 Ark. 101, 477 S.W.2d 480 (1972). It is also my opinion that a member of such a commission serves the city. The legislature has authorized the creation of "city" advertising and promotion commissions. See A.C.A. § 26-75-602 (f) (Cum. Supp. 1991). Thus, if a prospective Advertising and Promotion Commission member is not a qualified elector of the City of Hot Springs, his or her appointment to fill a vacancy on the Commission would appear to be violative of the Arkansas Constitution.
Your third question is as follows:
 As a corollary, does Act 726 violate the "one man one vote?"
It is my opinion that the answer to this question is "no." The "one-person, one vote" rule has been held to have no applicability to appointive offices. See, e.g., Grivetti v. Illinois State Electoral Board, 335 F.Supp. 779 (N.D. Ill. 1971), aff'd. 406 U.S. 913 (1972).
Your fourth question is as follows:
 Act 726 of 1991 conflicts with A.C.A. § 14-47-134, which requires the membership on city commissions to be filled `only by those qualified electors of the city.' Act 726 and A.C.A. § 14-47-134 are in conflict. How is this conflict resolved?
Section 14-47-134 provides in pertinent part as follows:
 (a)(1) In the exercise by the board of directors of its authority in respect to the filling of vacancies in executive positions and memberships on municipal boards, authorities and commissions, only those qualified electors of the city found by the directors to possess the necessary qualifications shall be appointed or confirmed.
It is my opinion that, as a legal matter, this provision does not conflict with Act 726. It provides that when the city board of directors acts to fill vacancies on city commissions, it shall only appoint qualified electors of the city. Act 726 provides that vacancies shall be filled by the remaining members of the advertising and promotion commission. It would appear, then, that A.C.A. § 14-47-134 would have no applicability to the latter situation. In any event, the Arkansas Constitution, art. 19, § 3, operates to require the same result in such cases.
Your fifth question is as follows:
 Since Act 726 allows non-resident[s] and non-voters to spend city tax money, is the act constitutional?
As stated previously, in my opinion subsection (h)(2) of A.C.A. §26-75-602 is violative of Arkansas Constitution, art. 19, § 3. In my opinion, however, the remainder of the act's provisions would stand because they are severable from the invalid section. See, Acts 1991, No. 726, § 4 and Streight v. Ragland, 280 Ark. 206,655 S.W.2d 459 (1983).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh