The Honorable Gilbert Baker State Senator #17 Cooper Lane Conway, AR 72032
Dear Senator Baker:
I am writing in response to your request for my opinion on the following question:
 Can a licensed real estate agent serve as a member on a city planning commission?
RESPONSE
In my opinion, the answer to this question is "yes," subject to the condition that the commissioner must not participate in making decisions that might constitute a common-law conflict of interests.
The question initially arises whether the dual service you describe might fall under one of three possible proscriptions — a constitutional, a statutory or a common-law prohibition (viz., the common-law "doctrine of incompatibility"). See Byrd v. State, 240 Ark. 743, 402 S.W.2d 121
(1966); Ark. Op. Att'y Gen. No. 2001-042. Neither the Arkansas Constitution nor the Code contains any provision that might preclude a licensed real estate agent from serving on a city planning commission.See generally A.C.A. § 14-56-401 et seq. (Repl. 1998) (authorizing the formation of city planning commissions) and A.C.A. § 17-42-101 et seq.
(Repl. 1995 Supp. 2001) (the "Real Estate License Law"). I further do not believe your question implicates the doctrine of incompatibility, which only prohibits a public officer from simultaneously holding another public office when doing so would result in a conflict of interests. See
Ark. Op. Att'y Gen. No. 2000-278 (opining that the doctrine did not apply to dual service as an alderman and the executive director of a private non-profit corporation). As the Arkansas Supreme Court noted in Maddoxv. State, 220 Ark. 762, 763-64, 249 S.W.2d 972 (1952):
 A public officer ordinarily exercises some part of the State's sovereign power. His tenure of office, his compensation, and his duties are usually fixed by law. The taking of an oath of office, the receipt of a formal commission, and the giving of a bond all indicate that a public office is involved, although no single factor is ever conclusive. Rhoden v. Johnston, 121 Ark. 317, 181 S.W. 128; Middleton v. Miller County, 134 Ark. 514, 204 S.W. 421.
See also Ark. Op. Att'y Gen. No. 98-035. None of these characteristics applies to a real estate agent, who, although licensed, could not reasonably be characterized as a public official. It is consequently unsurprising that the Arkansas Court of Appeals has considered a case involving a county planning commissioner who was also an experienced real estate broker without even suggesting that the doctrine of incompatibility might bar such dual service. Toney v. Haskins,7 Ark. App. 98, 644 S.W.2d 622 (1983).
Having offered this opinion, I must point out that the subject of your request might nevertheless be placed in a position where his or her dual service might dictate abstaining in particular matter before the board. I addressed this possibility in Ark. Op. Att'y Gen. No. 2001-042, which involved the question of an individual's serving both as county judge and as a board member of an irrigation district:
 [E]ven if the county judge's service on the board is not prohibited by the dual office-holding principles, his service on the board could give rise to isolated situations in which he would have a common law conflict of interest. Such instances would arise when the particular facts of a situation would divide the judge's allegiance between the county and the irrigation district. In such instances, the judge should abstain from participating in any decision-making or other acts of the board that would require him to act in the interest of one at the expense of the interest of the other.
(Footnote omitted.) By way of elaboration, I remarked:
 The common law prohibition against conflicts of interest is reflected in the following description of the public policy underlying the principle:
 A public office is a public trust . . . and the holder thereof may not use it directly or indirectly for personal profit, or to further his own interest, since it is the policy of law to keep an official so far from temptation as to insure his unselfish devotion to the public interest. Officers are not permitted to place themselves in a position in which personal interest may come into conflict with the duty which they owe to the public, and where a conflict of interest arises, the office holder is disqualified to act in the particular matter and must withdraw.
 67 C.J.S. Officers § 204. See also Ops. Att'y Gen. 2000-072; 99-349; 98-275; 94-283; and 94-446, citing Van Hovenberg v. Holman, 201 Ark. 370, 144 S.W.2d 719 (1940); Madden v. United States Associates, 40 Ark. App. 143, 844 S.W.2d 374 (1992); Acme Brick Co. v. Missouri Pacific R.R., 307 Ark. 363, 821 S.W.2d 7 (1991); and 63A Am. Jur. 2d, Public Officers and Employees § 321.
 The above-quoted policy statement concerning conflicts of interest makes clear that in situations where a common law conflict of interest is present, it may be appropriate for the affected public servant to abstain from participating in any decision-making procedure that would impact upon his or her conflicting interests, so as to avoid the temptation of placing a conflicting interest above the interest of those he was chosen to represent. This policy statement appears to indicate that the wrong to be avoided is the placing of a conflicting interest above public duty. I note that whether a wrong of this nature has occurred is entirely a question of fact and can only be established by the presentation of factual evidence showing both the motivation and the effect of the public servant's act.
I continue to subscribe to this analysis and can only note that one would need to consider the facts of each particular situation in determining whether the subject of your request faced a conflict between his or her interests as a private real estate agent and his or her obligations as a commissioner.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh