HARRIS *v.* TEXTOR.

5-2633 361 S. W. 2d 75

Opinion delivered October 8, 1962.

*Marcus Fietz, Penix & Penix, Rhine & Rhine* and *Marshall N. Carlisle,* for appellant.

*Kirsch, Cathey & Brown* and *John Burris,* for appellee.

GEORGE ROSE SMITH, J. This is an election contest involving the Democratic nomination for the office of alderman in the city of Paragould. In the court below it was tried together with its companion case, *Wood* v. *Brown,* also decided today. In the alderman's race Textor was the apparent winner by a single vote, 1070 to 1069. The circuit court's judgment increased his margin to three votes, 1058 to 1055.

At the outset we lay aside the appellant's contentions with reference to the votes of R. L. Wrape, Sr., L. J. Dowdy, Jerry Jones (and Al Weisberger), Eugene Penney, and Dwight Pranger and his wife. Those issues were considered in the companion case, upon identical evidence, and our decision upon the other appeal is controlling in this case.

I. This appellant also sought a recount of the ballots in Box 2 of Ward 2. We think the trial court erred in sustaining the defendant's demurrer to this plaintiff's evidence. While it was not shown that Jones Horne bet on this election, as he did on the mayor's race, there was other proof entitling Harris to a recount. Several witnesses testified that after the election Jones Horne stated that one vote for Harris had been erroneously counted for Textor and that if there should be a recount Harris would be the winner. This proof, which must be taken to be true on demurrer to the evidence, meets even the most stringent rule in recount cases, for it indicates that a re-examination of the ballots would change the result of the election. Hence a *prima facie* case was made.

II. Textor contends that the court erred in rejecting the vote of Elaine King, who was charged by the plaintiff with not having paid her poll tax. The trial court seems to have considered Elaine King's vote along with that of Lewis Crye, for the two involved the same issue. Since Elaine King voted for the appellant and Lewis Crye voted for the appellee it is evident that one canceled the other, no matter whether they were both held to be valid or both cast out. Hence no prejudicial error occurred.

III. Boyd Martin had paid his poll tax in another county, but he did not file the receipt, or a certified copy of it, with the election officials as required by statute. Ark. Stats., § 3-227. His vote was therefore correctly rejected, for the reason stated with respect to Eugene Penney in Part V of the opinion in *Wood* v. *Brown*, the companion case.

IV. Textor also insists that the court erred in not rejecting the votes of Mr. and Mrs. N. P. Cartright. This

couple lived in Paragould for many years. About five years before this election Cartright's job with a railroad company was abolished, and he moved to Pulaski county to continue his work there. His wife joined him two years later and obtained employment in Little Rock at the state hospital. The couple bought a home in Pulaski county and assessed their personal taxes there. At the time of the election they were living in Pulaski county, but they still owned their house in Paragould, paid their poll taxes there, and intended to return to Greene county when Cartright attained retirement age some four or five years in the future.

Upon these facts the Cartrights were not qualified to vote in Greene county. The constitution provides that an eligible voter must have resided within the county for six months next preceding the election. Ark. Const., Art. 3, § 1. This requirement is mandatory; neither the convenience of the elector nor any practice that he may have been permitted to indulge in can abrogate the plain language of the constitution. *Wilson* v. *Luck,* 203 Ark. 377, 156 S. W. 2d 795.

Mr. and Mrs. Cartright were unquestionably residents of Pulaski county, having lived there for five and three years respectively and having established their home there. Leflar, Conflict of Laws (1959 Ed.), §§ 10 and 16. Their situation was not an exceptional one, like that of a public office holder who lives where the duties of his office require him to be. *Wheat* v. *Smith,* 50 Ark. 266, 7 S. W. 161. The constitution, by its mandatory language, excludes the notion that a person may be qualified to vote in two or more counties at the same time. Since the Cartrights were clearly entitled to vote in Pulaski county it follows that they were no longer eligible to cast their ballots in Greene county.

Reversed and remanded for further proceedings with respect to Box 2 in Ward 2.

Robinson, J., thinks that the Cartrights were qualified to vote in Greene county.

McFADDIN, J., dissents.

ED F. MCFADDIN, Associate Justice (Dissenting). This is a companion case to *Wood* v. *Brown*, No. 2634; and I dissent from that part of the Majority holding in the present case which allows a recount of the votes in Box 2 of Ward 2. The basis of my dissent in this case is stated in my dissent from the Majority Opinion of this day in *Wood* v. *Brown*, No. 2634, and also in the Opinion which I delivered in *Wood* v. *Brown* on June 4, 1962, which may be found in 235 Ark. 258.