Richard E. BOOTH Jr. *v.* Donald H.
SMITH et al and Bobby GARNER

77-32 552 S.W. 2d 19

Opinion delivered June 20, 1977
(In Banc)

*Jones & Petty* and *Marion B. Burton,* for appellant.

*Holmes, Holmes & Trafford,* by: *Winfred A. Trafford,* for appellees.

FRANK HOLT, Justice. In 1976 appellee Bobby Garner was the Democratic nominee for Justice of the Peace, District One, Jefferson County, and appellant was the Republican nominee for the same position at the general election. Before the election the appellant sought a declaratory judgment to the effect that Garner was not a qualified elector nor a resident of District One. He also sought a writ of mandamus against the appellee Election Commission (Smith, et al) directing that the ballots on which Garner's name appeared not be used in the election or that any votes cast for Garner not be counted nor certified. Appellant also sought certification as an unopposed candidate. The trial court, sitting as a jury, found that Garner was a qualified elector and resident of District One. For reversal, we first consider appellant's argument that a candidate for office must, at all times, be a resident of a district he represents and a removal from that district, as here, is an abandonment of his candidacy. Therefore, appellant contends that Garner was not a qualified elector or resident of his district. We cannot agree.

It is true, as appellant asserts, that a Justice of the Peace must be a qualified elector and a resident of his township or district. Ark. Constitution, Art. 7, § 41 (1874). See also Ark. Constitution, Art. 19, § 4 (1874). §§ 4 and 10 of Amendment 51 are to the effect that once a voter registers in a county, as here, and remains there he does not have to register again unless he moves into another county or his permanent registration is cancelled or subject to cancellation. § 10 also provides that when a registered voter moves from one precinct to another one in the same county, the voter "may cause his [registration] to be transferred to his new address. . . . " In other words, a re-registration is not required. Obviously, the voter could continue, as the trial court held, to vote in the precinct where he was properly registered.

Here it is undisputed that appellee Garner was a qualified elector, a properly registered voter and a resident of District One when he was nominated for Justice of the Peace for that district. Garner testified that he occasionally deals in real estate and in July, following the nomination, he bought a house as investment property. He temporarily moved outside his district into the house, made some improvements and stayed there until he located an apartment in District One. He then moved back into his district on October 12, 1976, twenty days before the general election and nine days before this suit was filed by appellant. The lease on the apartment is dated October 12, 1976, and utility receipts indicate a electricity deposit was made on October 13, 1976. Garner testified that it was never his intent to change his residence outside of District One and his removal was temporary.

The findings by a trial court, sitting as a jury, as to residency requirements, have the force and effect of a jury verdict which we uphold if supported by any substantial evidence. *Pike Co. Sch. Dist. 1* v. *Pike Co. Ed. Bd.,* 247 Ark. 9, 444 S.W. 2d 72 (1969). There we also said that in resolving the issue of residence, the intent of the voter is correctly considered together with his conduct as to his asserted residence. It is also well established that in testing the sufficiency of the evidence on appellate review, we need only consider the testimony of the appellee and that part of the evidence most favorable to him. *Baldwin* v. *Wingfield,* 191 Ark. 129, 85 S.W. 2d 689 (1935). Here the evidence is amply sufficient to support the finding of the trial court that Garner, admittedly a qualified elector and resident of District One before he moved therefrom, never abandoned his residency and, therefore, was qualified as a candidate in the general election.

It follows we need not concern ourselves with appellant's argument that Garner did not transfer, twenty days before the election, his registration from the precinct in District One where he lived when nominated to the precinct in District One where he was residing at the time of the general election. At that time he was a qualified voter and a resident of District One, which is all the law requires.

Affirmed.

Harris, C.J., not participating.