Meyer BRICK *v.* Vera B. SIMONETTI et al

83-2                                           652 S.W.2d 23

Supreme Court of Arkansas
Opinion delivered June 13, 1983

*Rubens & Rubens,* by: *Kent J. Rubens,* for appellant.

*Rieves, Shelton & Mayton,* for appellees.

STEELE HAYS, Justice. Meyer Brick and Vera Simonetti were opposing candidates for Justice of the Peace in District No. 11, Crittenden County, in the Democratic Preferential Primary held on May 25, 1982. Simonetti won the election and Brick has challenged her residency qualifications as set out in Ark. Stat. Ann. § 17-3605 and Art. 7, § 4 and Art. 19, § 4 of the Arkansas Constitution. Section 17-3605[1] specifically provides that all Quorum Court officers reside within their respective districts. The trial court sitting as a jury found that Simonetti was a resident of and domiciled in District No. 11.

Simonetti has resided in Crittenden County, Mound City Township, for thirty-seven years. In 1975, the township

[1]§ 17-3605. Residence required. — All county, Quorum Court District and township officers shall reside within their respective townships, districts and counties. An office shall be deemed vacant if a county officer removed his legal residence from the county or a Quorum Court District or township officer removes his legal residence from the district township from which elected. For purposes of this section, legal residence shall be defined as the domicile of the officer evidenced by the intent to make such a residence a fixed and permanent home. [Acts 1977, No. 742, Ch. 2, Part E, § 45, p. 1736; 1979, No. 413, § 9, p. ___].

was made a part of District No. 11. Simonetti has since run for Justice of the Peace for that district at each election. On February 2, 1982, there was a reapportionment and Mound City Township was moved to District No. 10. Until Simonetti received a letter from Jake Brick, the Chairman of the Democratic Central Committee on March 24, 1982, she believed that she was in District No. 11. In order to qualify for the position, Simonetti then moved to an apartment within District No. 11. She moved in enough furniture to set up housekeeping, changed her voter registration to the new address and obtained a telephone in her own name. Later, she moved in enough furniture to furnish two bedrooms, a living room and a kitchen. She entertained friends there and ate most of her meals there. There was testimony from other apartment occupants that she had made the apartment her home and was living there.

The issue involved, however, is whether or not this move fulfilled the requirements of § 17-3605, which states:

> ... [L]egal residence shall be defined as the domicile of the officer evidenced by the *intention to make such residence a fixed permanent home.* (our italics)

Brick contends that the evidence was insufficient as a matter of law to support a finding that Simonetti was domiciled in District No. 11.

Brick cites several cases where residency issues were involved and underscores our general requirements that conduct and actions must be in conformity with the stated intent. *Booth* v. *Smith,* 261 Akr. 838, 552 S.W.2d 19 (1977) and that both the intent and conduct must be considered as factors, *Pike County School District 1* v. *Pike Board of Education,* 247 Ark. 9, 444 S.W.2d 72 (1969). Leflar, Conflict of Laws, § 10 is also cited:

> ... The principal manner by which a new domicile can be acquired is by physical presence at a new place with the state of mind of regarding the new place as HOME. The new domicile arises instantaneously when these two facts occur. ...

Meyer Brick points to certain conduct which he claims is inconsistent with Vera Simonetti's declared intent to make the apartment her permanent home — receipt of mail at the same post office box as that of her prior home, residence at the previous home for thirty-seven years, living apart from her husband of many years, leaving behind her china, washing machine, some of her clothing, and leasing the apartment for only one year.

But these circumstances are not so convincing as to override the trial court's finding that Simonetti intended to reside permanently within the district. The post office box where she had been receiving her mail prior to moving to the apartment is three-quarters of a mile from her apartment and, evidently, a convenient place to receive mail. She testified that she had access to a washing machine at the apartment complex and had no need to move the one from the farm. The maximum time for which a lease could be given on the apartment was one year. As to being separated from her husband, she stated that he was only five minutes away if he needed her. It isn't necessary that her every arrangement be found plausible, if the cumulative circumstances, considered along with her sustained interest in politics, do not compel us to a view different from that of the trial court. Gleaning a state of mind is uncertain work, at best, yet *intent,* in large measure, determines where one's home is. Here, the trial court pointedly commented on the credence he attached to the assertions of Simonetti that she intended to make her permanent home in the district, and that finding must weigh heavily on review. Where those assertions are supported by manifestations consistent with such an avowed intent, we are not inclined to declare that clear error occurred. See ARCP Rule 52 (a).

Brick also points out that the logical purpose of the constitutional and statutory requirements of residency is so that elected officials will reside in the same district as their constituents, and thereby better know and serve the interests of their constituency. In this case, in addition to finding the evidence sufficient, we find nothing to suggest that the stated purpose of the statute is being thwarted. Simonetti was not only a long time resident of the area, but had a

proven interest in local politics. As to District No. 11 specifically, she had been within that district since 1975, and it was only by a quirk of redistricting, shortly before the election, that her prior home was placed outside the district.

We are satisfied that under all the circumstances of this case the trial court had sufficient evidence to find Mrs. Simonetti a resident of District No. 11 in accordance with § 17-3605.

Affirmed.