Honorable James C. Allen State Representative 4005 Malvern Road Hot Springs, AR 71901
Dear Representative Allen:
This is in response to your request for an opinion concerning the residence requirement for quorum court officers. Specifically, you have asked whether a vacancy exists where a justice of the peace, subsequent to his election, moves out of state and obtains out of state employment. You have also indicated that the officer still maintains a house in the district, his wife still lives in the district, and that since leaving the state, the officer has attended at lease some quorum court meetings. Although additional facts would help in determining the answer to your question, as it turns primarily upon the intent of the officer, in my opinion the facts presented indicated that no vacancy has been created.
The relevant statutory provision is A.C.A. 14-14-1306 which provides:
 (a) All county, county quorum court district, and township officers shall reside within their respective townships, districts, and counties.
 (b) An office shall be deemed vacant if a county officer removes his legal residence from the county, or if a district or township officer removes his legal residence from the district township from which elected.
 (c) For purposes of this section, legal residence shall be defined as the domicile of the officer evidenced by the intent to make such residence a fixed and permanent home.
The primary factor to consider in determining domicile is intent. As stated in Brick v. Simonetti, 279 Ark. 446, 449 652 S.W.2d 23
(1983), "(g)leaning a state of mind is uncertain work, at best, yet intent, in large measure, determines where one's home is." The fact that the officer in question maintains a home in the district, that his wife, to whom he is presumably happily married, still resides in the district, and the fact that he has attended at least some quorum court meetings while living outside the state, lend to the conclusion that the officer has not attained a new domicile outside the state, but rather intends that his permanent home remain within the district. Additionally, if the officer's absence from the district is in fact only temporary, it has been held, that absent a judicial determination, a vacancy is not created. School District No. 54 v. Garrison, 90 Ark. 335,119 S.W.2d 275 (1909).
It should also be noted that in addition to the possibility of a vacancy being created by lack of legal residence, a vacancy may be created where the officer ceases to perform the duties of his office for a period of three months, except when prevented by sickness or unless authorized by resolution of the quorum court. A.C.A. 14-14-1308(9). If the officer's absence from the State renders him unable to discharge his duties for this period, a vacancy may be created.
This is in response to your request for an opinion Assistant Attorney General Elana L. Cunningham.