The Honorable Jack McCoy State Representative 712 McNeil Street Malvern, AR 72104
This is in response to your request for an opinion on the following questions:
 1. Is it lawful for the mayor of a first class city to reside outside the boundaries of that city?
 2. If the answer is no, how is it determined whether the mayor lives outside the city limits if he owns a residence within the city and a residence outside the boundaries of the city?
It is my opinion that regardless of the form of government under which the city operates (this was not specified in your request), a person is not eligible for the position of mayor unless he or she is a resident of the city. See A.C.A. 14-46-213(a),14-47-109(f) and 116, and 14-48-110(f) with respect to cities operating under the commission, city manager, and city administrator forms of government, respectively.
While the relevant Code provisions leave the question somewhat less clear as to cities with the mayor/city council (also known as the aldermanic) form of government, Article 19, Section 3 of the Constitution of Arkansas, and case law construing that constitutional provision, appear to resolve any doubt. Article 19, Section 3 states that "[n]o person shall be elected to or appointed to fill a vacancy in any office who does not possess the qualifications of an elector." The Arkansas Supreme Court has construed this provision as rendering unconstitutional special legislation (Act 114 of 1917) that dispensed with the necessity of the city manager's residency within the city at the time of appointment. McClendon v. Board of Health, 141 Ark. 114,216 S.W. 289 (1919). The court initially concluded that the city manager position was an "office" within the pertinent statutory scheme, and then stated:
 Being an officer, the provision that he need not be a resident of the city at the time of his appointment . . . is contrary to Article 9, Section 3 of the Constitution providing that no person shall be elected or appointed to fill an office who does not possess the qualifications of an elector.
 141 Ark. at 121.[1]
Article 19, Section 3 must therefore be read to require that a candidate for mayor be a resident of the city. See also Thomas v. Sitton, 213 Ark. 816, 212 S.W.2d 710 (1984). This is not to say, however, that a vacancy will automatically exist upon the mayor's removal of his or her residence from the city following election or appointment. Unlike A.C.A. 14-14-1306 with respect to county officers, there appear to be no Code provisions specifying the existence of a vacancy if the mayor no longer resides in the city. The Arkansas Supreme Court has stated that while subsequent ineligibility may afford grounds for removal from office, the mere existence of such grounds does not create a vacancy if the officer was eligible upon taking office. Stafford v. Cook, 159 Ark. 438,252 S.W. 597 (1923). A public office may become vacant due to abandonment. However, a clear intention to abandon the office must be shown. State v. Green, 206 Ark. 361, 175 S.W.2d 575 (1944).
In response to your second question, it must be initially noted that the courts have usually treated the word "residence" as if it were synonymous with "domicile" when determining the qualifications of voters and public officials. Charisse v. Eldred, 252 Ark. 101, 103, 477 S.W.2d 480 (1972). The primary factor to consider in determining domicile is intent. As stated in Brick v. Simonetti, 279 Ark. 446, 449, 652 S.W.2d 23 (1983), "[g]leaning a state of mind is uncertain work, at best, yet intent, in large measure, determines where one's home is."
Ownership of a residence outside the city therefore is not conclusive, but may be one factor to consider. The place of exercise of one's elective franchise has been cited by the courts as "important evidence" of intent. Charisse v. Eldred,252 Ark. at 105; citations omitted. A voter registration affidavit may therefore offer significant guidance. The location of personal property tax assessment and payment may also be considered. Harris v. Textor, 235 Ark. 497, 361 S.W.2d 75 (1962); Pike County School Dist. No. 1 v. Pike County Bd. of Education, 247 Ark. 9,444 S.W.2d 72 (1969).
The question is, ultimately, one of fact, to be ascertained by statements of the person involved and by his conduct concerning his voting residence. Charisse v. Eldred, supra at 104.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] It should be noted that the city manager under a city manager form of municipal government is employed by the city board of directors. A.C.A. 14-47-119. The McClendon case, supra, may therefore be distinguished for purposes of construing A.C.A.14-47-119(b), under which the city manager need not be a qualified elector of the city.