The Honorable Ed Gilbert State Representative Post Office Box 633 Mountain Home, AR 72653
Dear Representative Gilbert:
This is in response to your request for an opinion on the following question:
 Must a member of a county board or commission be an Arkansas resident? If the answer is "yes," please provide me with a definition of "Arkansas resident."
Research indicates, with regard to the first part of your inquiry, that a conclusive determination requires consideration of the particular board or commission in question.* As a general matter, however, the answer is, in my opinion, "yes." This conclusion is compelled by the language of A.C.A. 14-14-705, which states in pertinent part under subsection (3)(B) that "(a)ll persons appointed to an advisory or administrative board shall be qualified electors of the county." This language probably encompasses most county "commissioners" following the reorganization of county boards and commissions, as mandated under A.C.A. 14-14-712. ___________. * For instance, the qualifications of members of a metropolitan or regional planning commission are established through joint agreement of the cooperating cities and counties. See A.C.A. 14-17-303(a). This agreement must therefore be considered with regard to such commission members. With regard to county boards of election commissioners, A.C.A. 7-4-109(b) (Supp. 1989) states that the board members "shall be residents of the county in which they serve at the time of their appointment or election." And under A.C.A. 6-12-101(b), members of county boards of education "shall be qualified electors." (See discussion infra, regarding "qualified electors." Removal from the county or into another zone automatically disqualifies a county board of education member from serving out his or her term. A.C.A.6-12-101(f). ___________.
It seems clear that in order to be a "qualified elector of the county," one must be a county resident. See Ark. Const. Amend.51; see also, generally, Ark. Const. Amend. 8 regarding qualifications of electors (incorporated into Ark. Const. Art. 3.,1). Of necessity, therefore, the board of commission member must be an Arkansas resident.
You have asked, secondly, for a definition of "Arkansas resident." It must be initially noted that this phrase is not specifically defined under Arkansas law. This office is therefore not in a position to provide a controlling definition. Rather, the specific context must be considered, and guidance drawn from case law. With regard to voter qualification, the Arkansas Supreme Court has stated, generally, that the intent of the voter is correctly considered, together with his conduct as to his asserted residence. Booth v. Smith Garver, 261 Ark. 838, 840, 552 S.W.2d 19
(1977), citing Pike Co. Sch. Dist. 1 v. Pike Co. Ed. Bd.,247 Ark. 9, 444 S.W.2d 72 (1969).
While it is not clear in Arkansas, due to the absence of clear legislative or judicial guidance, that residency for voter qualification purposes is the equivalent of domicile,** case law authority does indicate that there must be an element of permanence. See, e.g., Ptak v. Jameson, 215 Ark. 292, 298,220 S.W.2d 592 (1949) (there must be an intention to make a home permanently or for an indefinite period); Pike Co. Sch. Dist. 1, supra (eligibility to vote in Franklin County upheld, notwithstanding move to Sebastian County sixty days before election, where work in another county was temporary and there was not intent to surrender Franklin County as permanent residence). The Arkansas Supreme Court has held that an extended absence will not necessarily cause a forfeiture of voting residency, depending upon the particular facts. Pike Co. Sch. Dist. 1, 247 Ark. at 11. ___________. ** It is my opinion that A.C.A. 14-14-1306, which applies to "county, county quorum court district, and township officers" is not applicable in the case of board and commission members. Section 14-14-1306(a) states that the officers must reside within their respective townships, districts, and counties; and subsection (c) defines "legal residence" as "the domicile of the officer evidenced by the intent to make such residence a fixed and permanent home." The specific requirements, however, under A.C.A. 14-14-705(3)(B) with regard to "qualified electors of the county" will in my opinion apply instead in the case of county boards and commissions. ___________.
It thus appears that residence for voting is a question of fact and intention. While a conclusive definition is not possible, the foregoing will hopefully offer general guidance in addressing the issue.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.