The Honorable Jean C. Edwards State Senator Route 1, Box 67 Sherrill, AR 72152
Dear Senator Edwards:
This is in response to your request for an opinion regarding qualification for school board membership. You have posed the following hypothetical situation:
 A citizen ran for local school board election in 1991 in a local school district. The election was won. The citizen has been sworn in and is serving as a local school district board of director. A question comes up concerning the board member's qualifications. It is discovered that the individual might not live in the school district in which he serves nor does he own property in that district.
Your specific questions are as follows:
 1) Must this individual own property to be a member of the local school board?
2) What determines residency?
As you have noted, A.C.A. § 6-13-616 (Cum. Supp. 1991) does not contain a property ownership requirement. The current statutory language is derived from Act 242 of 1989. Section 6-13-616 now states:
 (a) Except as provided in subsection (b) of this section, no person shall be eligible to be a member of any school district board of directors in this state unless he is a bona fide resident and qualified elector of the school district which he serves.
 (b)(1) A person whose residential property contains portions of two (2) school districts shall be eligible to be a member of either of the school district's board of directors provided he is a qualified elector of the county in which the school district for which he seeks the position lies and he has or formerly had children enrolled in that school district.
 (2) For purposes of this subsection, `residential property' means that parcel of land which contains the dwelling in which the person resides not less than nine (9) months out of each year.
Prior to the passage of Act 242, § 6-13-616 required ownership of real property in the district as a condition of school board membership eligibility. It thus seems clear that the answer to your first question is "no" under current law.
With regard to your second question, the Arkansas Supreme Court recently made the statement, in the case of Davis v. Holt,304 Ark. 619, 804 S.W.2d 362 (1991), that ". . . the definition of `residence' is not easy." 304 Ark. at 623. That statement was made in the context of an eligibility challenge under Section6-13-616, based upon an allegation of non-residency in the district. The Court followed this declaration with language from a case involving the question of one's status as an Arkansas "resident" for purposes of attachment laws, noting that the court in that case ". . . lamented that the term may have different meanings in different contexts." Id., citing Krone v. Cooper,43 Ark. 547 (1884). The Davis court noted the following conclusion in Krone as to the meaning of "resident" under attachment laws:
 an established abode, fixed permanently for a time for business or other purpose, although there may be an intent existing all the while to return . . . at some time or other to the true domicile; but so difficult is it found to provide a definition to meet all the varying phases of circumstance that the determination of this question may present, that the courts say, that, subject to the general rule, each case must be decided on its own state of facts.
[Emphasis added.]
Id. A reading of this case makes it clear that I cannot state what will determine residency in all circumstances. This will, instead, depend upon all of the particular facts in each instance. The individual whose residency was in question inDavis contended that his residence in the district was established by the fact that the parcel of land containing his dwelling was in both that district and another district, and because he always intended to reside in the district. According to the court, however, he freely admitted that his house was located in the other district and that taxes on all of his property, other than a 23-acre tract, went to the other district. Following its review of these facts, several prior decisions involving residency in the context of elections, and Article 19, Sections 3 and 4 of the Arkansas Constitution,[1] the Court concluded:
 [W]e cannot disagree with the conclusion the trial court must necessarily have reached that, in the context of this school election case, the term `residence' is used by the Constitution and statutes to mean the place where Davis' house was physically located.
304 Ark. at 624.
The fact that the individual owned some property in the district that he claimed as his residence was therefore not determinative, despite the language of A.C.A. § 6-13-616 (Cum. Supp. 1991). TheDavis case makes it clear that § 6-13-616 must, instead, be read together with Ark. Const. art. 19, §§ 3 and 4, which require residence in the political subdivision to be served. SeeDavis, 304 Ark. at 622-623. In Davis, the Court determined that the location of the dwelling was determinative. (The tax payments were also apparently a factor.) The conveyance of the .23-acre tract, that was formerly an easement, was apparently not sufficient to make him a resident of the district. While these factors may not be determinative in each case, the Davis
decision makes it clear that one's stated intent with respect to residency will not alone be controlling. The Court recognized the applicability of the following Code provision in the context of school elections:
 (a) All county, county quorum court district, and township officers shall reside within their respective townships, districts, and counties.
* * *
 (c) For purposes of this section, legal residence shall be defined as the domicile of the officer evidenced by the intent to make such residence a fixed and permanent home.
A.C.A. § 14-14-1306 (1987); 304 Ark. at 624.
Rather than clearly deciding, however, that Section 14-14-1306 is the "controlling definition of `residence,'" the Court focused instead upon its concern with the implication that intent is the key element. 304 Ark. at 624. The Court concluded its opinion by noting that the actions of the elected official will be the key to determining residency. Id. The Court stated:
 Even if the language of § 14-14-1306(c) were thought to be a controlling definition of `residence,' with greater emphasis upon intent, we would consider the highly ambiguous statement in the light of our decision in Brick v. Simonetti, 279 Ark. 446, 652 S.W.2d 23 (1983). There we concluded it was the actions of an elected official in moving physically to an apartment in the quorum court district she was elected to serve which made her a resident of the district.
Id.
I have enclosed an opinion previously issued by this office (Number 90-283) which discusses the importance of the school board member's intention as to his permanent home. Op. Att'y. Gen. 90-283, at 2-3. While I believe that this opinion correctly identifies the relevant factors in determining whether one is a "bona fide resident" and "qualified elector" of the district (see Opinion at 2-4), it should be recognized that the Arkansas Supreme Court is going to be more interested in the actions of the elected official with regard to her or her claimed residency.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] "No persons shall be elected to or appointed to fill a vacancy in any office who does not possess the qualifications of an elector." Ark. Const. art. 19, § 3. "All civil officers for the State at large shall reside within the State, and all district, county and township officers within their respective districts, counties, and townships. . . . Ark. Const. art. 19, §4.