The Honorable Bill Strait Prosecuting Attorney 15th Judicial District P.O. Box 460 Dardanelle, AR 72834
Dear Mr. Strait:
This is in response to your request for an opinion on the eligibility of an individual to run for Justice of the Peace while residing in another district. You state that the individual is building a house in the district in which he ran. It should be initially noted that the resolution of your question will involve a determination of fact. Such questions can only be definitively resolved by a court. The following analysis should be of help to you, however.
It is clear that in order to be eligible for the office of Justice of the Peace, the candidate must be a "legal resident" and a "qualified elector" of the district for which he is running. See A.C.A. 14-14-1306 and Ark. Const. art. 7, 41, 2 and art. 19, 33 and 4.4
The definition of "resident," however, is not always so plain. The Arkansas Code defines legal residence "as the domicile of the officer evidenced by the intent to make such residence a fixed and permanent home." A.C.A. 14-14-1306 (1987). A person may have two places of residence, as residence simply requires bodily presence, but domicile requires physical presence and an intent to remain there permanently, and as such a person only has one domicile. Black's Law Dictionary 1176 (5th ed. 1979).
The Arkansas Supreme Court, in applying 14-14-1306, has stated that both the conduct and the intent of the candidate must be considered in determining residency, and the conduct of the individual must be in conformity with the stated intent of that person. Brick v. Simonetti, 279 Ark. 446, 652 S.W.2d 23 (1983).
In a case applying article 19, 35 and 4 of the Arkansas Constitution, the Arkansas Supreme Court explained that intent is only relevant when a person has more than one residence or has temporarily left his place of residence. Davis v. Holt,304 Ark. 619, 804 S.W.2d 362 (1991). The facts as presented in your question indicate that although the candidate currently lives outside the district, he is building a house in the appropriate district. A fact question therefore arises as to his intent with respect to his domicile.
In a case applying article 7, 41 of the Arkansas Constitution, a candidate, after being nominated for Justice of the Peace, temporarily moved outside of his district into a house, made improvements on the house and stayed there until he found an apartment in the district where he was nominated. He moved back to the district where he was nominated twenty days before the general election. The Arkansas Supreme Court held that the candidate never abandoned his residency and therefore, was qualified for the general election.
The answer to your question will therefore depend on the intent of the candidate as to his "domicile." Among the factors looked at to determine whether a person has requisite intent to establish a domicile in a particular place are declarations of the parties, exercise of political rights, payment of personal taxes, a house of residence and a place of business. Gooch v. Gooch, 10 Ark. App. 432, 664 S.W.2d 900
(1984). These factors must be evaluated in an attempt to determine a candidate's intent as to domicile.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:ddm/cyh
[1] (a) All county, county quorum court district, and township officers shall reside within their respective townships, districts, and counties.
(b) An office shall be deemed vacant if a county officer removes his legal residence from the county or if a district or township officer removes his legal residence from the district township from which elected.
(c) For purposes of this section, legal residence shall be defined as the domicile of the officer evidenced by the intent to make such residence a fixed and permanent home.
[2] A Justice of the peace shall be a qualified elector and a resident of the township for which he is elected.
[3] No persons shall be elected to or appointed to fill a vacancy in any office who does not possess the qualifications of an elector.
[4] All civil officers for the State at large shall reside within the State, and all district, county and township officers within their respective districts, counties, and townships, and shall keep their offices at such places therein as are now or may hereafter be required by law.
[5] The qualified elector requirement in article 19, section 3 has been interpreted by the Arkansas Supreme Court to require residence in the political subdivision to be served by the elected official. Davis v. Holt, 304 Ark. 619, 804 S.W.2d 362
(1991) (citing Thomas v. Sitton, 213 Ark. 816, 212 S.W.2d 710
(1948)) In addition the Court in Davis held that the definition of residence in A.C.A. 14-14-1306, which emphasizes intent, does not alter Article 19, section 3 of the Arkansas Constitution as interpreted by the Arkansas Supreme Court. Id.