The Honorable Mike Bearden State Senator Post Office Box 1824 Blytheville, Arkansas 72316
Dear Senator Bearden:
This is in response to your request for an opinion concerning the definition of "residency" for purposes of "serving on the State Highway Commission for a particular district." In particular, you state that you are referring to the situation of Mr. Buddy Benefield who "owns a home in Newport but actually lives in Little Rock." I assume that your question refers to the requirement in Ark. Const. amend. 42, § 2 that "no two [State Highway] Commissioners shall be appointed from any single Congressional District." It is my opinion that the Arkansas Supreme Court would likely consider whether Mr. Benefield's "domicile" is in a particular district. Generally, a person may have two places of residence, as residence simply requires bodily presence, but domicile requires physical presence and an intent to remain there permanently, and as such a person only has one domicile. Op. Att'y Gen. No. 94-208. This office is neither equipped nor empowered to answer questions of fact, and the question of intent to make a certain place one's domicile is one of fact to be ascertained not only by the statements of the person involved, but by his or her conduct as well.
In White, Governor v. Hankins, 276 Ark. 562, 637 S.W.2d 603 (1982), the Arkansas Supreme Court recognized that because there are five Commissioners and presently only four Congressional Districts, it is impossible to comply strictly with Amendment 42, § 2. See Op. Att'y Gen. No. 90-338. Thus, there will always be two Commissioners "from" the same Congressional District, unless Arkansas were to have five or more Congressional Districts. White, supra; Op. Att'y Gen. No. 90-338, Act 932 of 1979 [now codified at A.C.A. § 27-65-104] (Commission shall be composed of one member from each of the four congressional districts and one member from the state at large). Although it is impossible to comply strictly with Amendment 42, § 2, it is my opinion that the "residency" of each member is still an issue because the clear intent of the Amendment is to have each Congressional District represented. See White, supra; Act 932 of 1979.
Amendment 42, § 2, of the Arkansas Constitution provides in part that "the Governor . . . shall appoint five persons who are qualifiedelectors of the State to constitute the State Highway Commission . . . The Commissioners to be appointed from the State at large; provided, however, that no two Commissioners shall be appointed from any single Congressional District." (Emphasis supplied.) In reaching its decision inWhite, the Arkansas Supreme Court used both the term "resident" and the term "qualified elector" in discussing whether a member was "from" a particular district. The majority opinion, however, ultimately stated that because all four districts were represented on the Commission regardless of whether the member in question was "from" Pulaski or Cleveland County, it was not necessary to determine whether the member in question was or was not a "qualified elector" from Pulaski or Cleveland County.[1] Based upon the references to "qualified elector" in both Amendment 42 and White, supra, it is my opinion that the Supreme Court would likely consider whether a person was a "qualified elector" of a particular Congressional District in determining whether the person was "from" that district for purposes of Amendment 42.
The term "qualified elector" as it is used in the constitution has been interpreted to require residence in the political subdivision in question. Davis v. Holt, 304 Ark. 619, 804 S.W.2d 362 (1991); Charissev. Eldred, 252 Ark. 101, 477 S.W.2d 480 (1972); see also Pike Co. Sch.Dist. No. 1 v. Pike Co. Ed. Bd., 247 Ark. 9, 444 S.W.2d 72 (1969); Op. Att'y Gen. No. 94-208. The court has stated that in determining the qualifications of voters, the word "residence" has usually been treated as if it were synonymous with "domicile" and dependent to some extent upon the intention of the person involved. Charisse v. Eldred, supra,citing Phillips v. Melton, 222 Ark. 162, 257 S.W.2d 931 (1953); Ptak v.Jameson, 215 Ark. 292, 220 S.W.2d 592 (1949); Wilson v. Luck,201 Ark. 594, 146 S.W.2d 696 (1941); and Wheat v. Smith, 50 Ark. 266,7 S.W. 161 (1887). See also Pike Co. Sch. Dist. No. 1, supra; Op. Att'y Gen. Nos. 95-222A and 92-112. In Opinion No. 92-112
we detailed the factors to be considered in determining domicile, and a copy of that opinion is enclosed for your review. Generally, "residence" ordinarily means physical presence within the jurisdiction while "domicile" also includes the subjective intent to maintain one's permanent home in the jurisdiction.[2] Hogan v. Davis,243 Ark. 763, 422 S.W.2d 412 (1967). Again, a person may have two places of residence, but only one domicile.[3] Op. Att'y Gen. No. 94-208. The determination that a person must have his domicile in a jurisdiction, rather than simply his residence, in order to be a qualified elector is consistent with Arkansas Supreme Court's conclusion that the constitution "excludes the notion that a person may be qualified to vote in two or more counties at the same time." Harris v. Textor, 235 Ark. 497, 361 S.W.2d 75 (1962).
The question of whether the court, in determining the qualifications of voters, will continue to construe the term "residence" as if it were synonymous with "domicile" is somewhat complicated by the recent amendment of A.C.A. § 7-5-201, entitled "Voter qualification." Section (b) of that provision provides:
 Residency shall generally be that place where one lives and works for a period of time, notwithstanding that there may be an intent to move or return at some future date to another place. Persons who are temporarily living in a particular place because of a temporary work-related assignment or duty post, or as a result of their performing duties in connection with their status as military personnel, students, or office holders, shall be deemed residents of that place where they established their home prior to beginning such assignments or duties.
In Opinion No. 95-057 (copy enclosed), I noted that the above language appears to signal a departure from prior case law in which residence is construed as synonymous with domicile when determining voter qualifications. In addition, I stated that under the language of the above provision, it seems that a showing of "domicile" is no longer required in order to establish residency for voter registration. Further, I noted that where the terms "resident" or "residence" were construed by the court under statutes that offered no further definition, the court would in all likelihood construe § 7-5-201(b) consistent with the judicially developed definitions which distinguish "residence" from "domicile."
With regard to your particular question, it must be emphasized that the term in question, "qualified elector," is part of the constitution rather than a statute. A statutory definition does not alter the meaning of a term in the Arkansas Constitution, as interpreted by the Arkansas Supreme Court. Davis v. Holt, 304 Ark. 619, 804 S.W.2d 362 (1991); see also Op. Att'y Gen. No. 97-027 (legislature is without power to dictate to the judicial branch the meaning of a term used in our constitution). Where terms are not defined in the constitution, the Arkansas Supreme Court will give them their commonly accepted meaning. Gravett v. Villines,314 Ark. 320, 862 S.W.2d 260 (1993). While it is possible that the Supreme Court will follow the statutory definition of "residency," in the absence of such a decision we must use the construction which is most often followed, and "residency" has been treated as if it were synonymous with "domicile" for purposes of determining whether a person is a "qualified elector." Accordingly, it is my opinion that the Arkansas Supreme Court would likely consider whether Mr. Benefield's "domicile" is in a particular district, and the answer to this question is dependent to some extent upon Mr. Benefield's intent.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] In a dissenting opinion, Justice Hays concluded that it was necessary to address the issue of whether the member in question was "from" Pulaski or Cleveland County. Justice Hays commented that a "person is `from' the place where his home and job are located, where he keeps his bank account, the place he gives as his address on his driver's license and tax returns, where he pays real and personal property taxes."
[2] In Charisse, supra, the court commented that "when acts are inconsistent with a person's declarations, the acts will control, and declarations must yield to the conclusions to be drawn from the facts and circumstances proved."
[3] It must be emphasized that if a person is not a resident of a particular district, then it is impossible for that person to have his domicile in such district or be a qualified elector from such a district.