## BARNES V. WILLIAMS.

Decided May 3, 1890.

1. *City of first class—City attorney.*

   A city of the first class has authority to create the office of city attorney.

2. *Increase of officer's salary during term of office.*

   The salary of a city attorney cannot be increased or diminished during his existing term of office.

APPEAL from *Sebastian* Circuit Court in Chancery, Fort Smith District.

JOHN S. LITTLE, Judge.

Appellant Barnes and another, citizens and tax payers of Fort Smith, sued appellees, Williams as mayor, Hamilton as clerk, and Davis as treasurer, of Fort Smith, a city of the first class, to restrain them from paying to J. C. Peel, city attorney, any compensation for his services as such during the term for which he was elected, in excess of the amount to which he was entitled under the ordinance in force when his term began. A temporary restraining order was

made at the inception of the suit, but was dissolved on final hearing.

*Clayton, Brizzolara and Forrester* for appellants.

1.   The city attorney is an officer within the meaning and intent of sec. 926, Mansfield's Digest.   Mansf. Dig., sec. 796; 33 Ga., 332; 23 Mo., 22; 8 Cal., 39; 6 Wall. (U. S.), 385; 29 Ohio St., 343; 30 Gratt., 33 and 35.

2.   The change to a city of the first class did not invalidate the ordinances in existence, but the same remain in full force and effect until repealed.   38 Kan., 368; 31 Pa. St., 515.

3.   The city council cannot increase the salary during the term of office of any city officer.   Mansf. Dig., sec. 926; 50 Ark., 81; Endl. Int. Stat., 716, note 3; 50 N. J. Law, 43; 13 Atl. Rep., 30; 11 Cent. Rep., 567; 7 Atl. Rep., 723.

*U. M. & G. B. Rose* for appellees.

1.   The changing of a corporate charter is strictly analogous to the adoption of a new constitution by the State. The previous laws of a general nature remain in force, unless otherwise provided.   The old officers go out, and are succeeded by new ones, with new powers, new emoluments and new duties, provided by the new instrument or by new laws. The new corporation selects its officers and fixes their duties and compensation.   Nor has this principle been changed by Mansfield's Digest, secs. 727, 728.   Peel was elected by the new council, and his salary properly determined by it.

2.   A city attorney is not a public officer.   His relation is that of attorney to a client—the city.   Mechem on Officers, secs. 1, 2; 103 U. S., 5; 99 U. S., 508; 124 U. S., 303; 124 U. S., 525; 52 N. Y., 478; 11 Am. Rep., 734; 89 N. C., 133; 45 Am. Rep., 677; 21 Ohio St., 14; 8 Am. Rep., 24; 45 Ill., 397; 86 N. C., 235.   A person

who has work to do, but no official power is an agent or employe and not an officer.    Mechem on Officers, *supra*.

HEMINGWAY, J.    That the council of Fort Smith was authorized, while it was a city of the second class, to create the office of city attorney, to prescribe the duties of the incumbent, and fix his compensation, seems to be conceded. While it was such, it passed an ordinance entitled, "An ordinance establishing the office of city attorney;" the ordinance provided, that it should be the duty of the city attorney to attend all regular meetings of the council, to advise the mayor, council, chairman of committees of the council and marshal as to matters of law when requested, and to prosecute or defend, as the case might be, all cases in which the city was plaintiff or defendant; it fixed the term of his office and the manner of his compensation.    The title of the ordinance and the character of the duties it devolves, fix the relation of the incumbent to the city as that of an officer.

1. City of first class — Creating office of city attorney.

When the corporation was preparing to organize as a city of the first class, the council passed an ordinance fixing the salaries of its different officers, including the city attorney; this was done in order that such compensation might be made according to the law relating to cities of the first class, which prohibited its being made in fees.    This ordinance amended the ordinance establishing the office of city attorney, in so far only as affected his compensation.    That it was regularly passed is not denied, and that it was not within the scope of corporate authority cannot be contended. So, when the corporation was organized as a city of the first class in April, 1887, there was an ordinance regularly passed, creating the office of city attorney and fixing the compensation of the office at five hundred dollars.    The next council acting by virtue of that ordinance elected a city attorney who qualified and served one term.    J. C. Peel, the appellee, was elected for the term beginning in April, 1888, and

2. Increase of officer's salary during term of office.

entered upon the discharge of his duties; afterwards the salary of the city attorney was increased by ordinance. His title to the office and rights to its emoluments are derived from the ordinance first cited. The office was created under the authority granted by the general incorporation law of the State, and it provides that no change of compensation shall affect any officer whose office is created by its authority during his existing term. Mansf. Dig., sec. 926.

Therefore the temporary restraining order should have been perpetuated on the final hearing.

The decree will be reversed, and a decree rendered here, forever restraining appellees, Williams as mayor, Hamilton as clerk, and Davis as treasurer, of the city of Fort Smith, and their several successors, from paying to J. C. Peel, as city attorney, any compensation for his services as such, during the term for which he was elected in 1888, in excess of the amount to which he was entitled under the ordinance in force when his term began.