THOMAS *v.* SITTON.

4-8586                                          212 S. W. 2d 710

Opinion delivered July 5, 1948.

*J. F. Koone,* for appellant.

*Opie Rogers,* for appellee.

HOLT, J. Appellee, Haskell Sitton, January 16, 1948, filed "Petition for Writ of Mandamus" in the Van Buren Circuit Court, in which he alleged that he was the duly appointed and acting City Marshal of Clinton. "That he was employed by the City Council and has served in the capacity of Marshal since 1st day of May, 1946, and that he was serving as such Marshal in December, 1947; that his fixed salary was and is $250 per month payable semi-monthly on the 1st and the 15th of each month; that the said city paid him until December, 1947, and that the respondent, (appellant) J. A. Thomas, who is the City Treasurer and whose duty is to pay all officers and to pay this petitioner herein, refused to pay him for his month's work performed in December, 1947; that on January 12, 1948, the City Council passed a resolution to pay his salary for the month of December, 1947; that the respondent failed and refused to pay same, notwithstanding this resolution; and that there is sufficient money in

the treasury with which to pay the salary of the petitioner herein. . . . ''

Copy of the resolution, *supra,* was made a part of the petition.

Appellee prayed for Writ of Mandamus, directing and compelling appellant ''as Treasurer of the City of Clinton to issue and deliver to the petitioner herein, (appellee) check for $250 in payment of his December salary, etc.''

Appellant, Thomas, answered with a general denial and specifically pleaded: ''That the . . . council of the City of Clinton, . . . Clinton being a city of the second class, . . . has never, at any time, had the power or authority to hire, elect or appoint a city marshal for the City of Clinton, or to constitute any person an employee to perform the duties of city marshal; . . . that the plaintiff, Haskell Sitton, is not now, nor was he at any time during his alleged employment, or on January 12, 1948, a resident of the City of Clinton; . . . that plaintiff has heretofore been paid more by the City of Clinton than he was entitled to either under his alleged employment or under the law which prescribed the compensation for marshals of cities of the second class.''

Upon a hearing, the trial court granted appellee the relief prayed and directed appellant, Thomas, as treasurer of the City of Clinton, to issue and deliver to appellee check for $250 in payment of his December salary.

This appeal followed.

For reversal, appellant argues: ''1. That said city does not owe Haskell Sitton any sum whatever, . . . because he has never at any time before January, 1948, resided within the limits of the City of Clinton, and was, therefore, but a *de facto* city marshal and not legally entitled to compensation for his services as city marshal. 2. Because, while the law provided for the election of a city marshal, he was appointed or employed by a . . . city council which had no authority to appoint or employ a city marshal or to fill a vacancy in the office of city marshal. 3. Because the city, through its council, has

already paid the said Haskell Sitton at least the sum of $500 in excess of the salary fixed at the beginning of his term by way of increases of salary contrary to a statute prohibiting increases. 4. Because, the Legislature having fixed the compensation of marshals of cities of the second class, there was, in the absence of other provision therefor, no authority for the council to fix his salary, Clinton being a city of the second class.''

The material facts appear not to be in dispute. Clinton is a city of the second class. Appellee, Sitton, admitted that he had never resided in the City of Clinton and was not a qualified elector therein.

At the outset, it becomes necessary to determine whether, in the circumstances here, the position held by appellee, Sitton, was that of an officer or an employee. In other words, whether the position of marshal of the second class city of Clinton was a public office. We hold that the position was that of an officer and not that of an employee and constituted a public office.

Section 9810 of Pope's Digest provides that ''the qualified voters of each city of the second class shall, . . . elect a city marshal, . . . Each of said officers shall continue in office until his successor is elected and qualified, and shall have such powers and perform such duties as are prescribed in this act, or as may be prescribed by any ordinance of such city, not inconsistent with the provisions of this act.''

Section 9801 provides that: ''The qualified voters of cities of the second class shall, on the first Tuesday in April, in the year eighteen hundred and eighty-eight, and on the same day every two years thereafter, elect . . . one city marshal, etc.''

Section 9577 requires all officers (which includes marshals) elected or appointed in any municipal corporation to take the oath prescribed by the Constitution of this State for officers, and all such officers may be required to make bond for the faithful discharge of their duties.

Section 9812 prescribes the powers and duties of marshal of cities of the second class, and provides that "he shall, in the discharge of his proper duties, have like powers, be subject to like responsibilities, and shall receive the like fees as sheriffs and constables in similar cases."

Section 9811 classifies a marshal as an officer in this language: "Whenever a vacancy shall occur in the office of recorder or marshal in any city of the second class from any cause, the city council shall, . . . proceed to elect . . . . a marshal to serve for the unexpired term."

Under the above sections of the statute, it is made plain that the position of marshal has all the elements of an office and meets the necessary tests set out in *Rhoden* v. *Johnston,* 121 Ark. 317, 181 S. W. 128. There, this court said: "An apt definition is given by the Supreme Court of the United States in the case of *United States* v. *Hartwell,* 6 Wall. 385, 18 L. Ed. 830, as follows: 'An office is a public station or employment, conferred by the appointment of government, and embraces the ideas of tenure, duration, emolument, and duties.'

"The same court, in *Hall* v. *Wisconsin,* 103 U. S. 5, 26 L. Ed. 302, said: 'Where an office is created, the law usually fixes the compensation, prescribes its duties, and requires that the appointee shall give a bond with sureties for the faithful performance of the service required'."

We held in the recent case of *Moncus* v. *Raines,* 210 Ark. 30, 194 S. W. 2d 1, that a town marshal, of an incorporated town, under § 9799, was a public officer.

It is obvious that the powers, duties and responsibilities of a marshal of a city of the second class, under § 9812, are as broad and numerous as those of a town marshal under § 9799, *supra.* The provisions of both sections are practically identical. In wording, they are, in effect, the same.

It must necessarily follow, therefore, that a marshal of a city of the second class and a town marshal of incorporated towns are officers under the meaning of Art. 19,

§ 3 of our Constitution. That section provides: "No person shall be elected to or appointed to fill a vacancy in any office who does not possess the qualifications of an elector."

Appellee, Sitton, having never resided in the City of Clinton was not eligible to hold the office of city marshal.

It is undisputed that he was employed by the City Council of Clinton May 1, 1946, to serve as marshal at $175 per month, and thereafter in September, his salary was raised to $200 per month. He continued to act and receive this salary up to January 1, 1947, but thereafter for each month of 1947 he was paid $250, except for the month of December when payment to him was stopped by order of the mayor. As above indicated, the City Council of the City of Clinton was without authority to employ appellee, Sitton, as its marshal, since, as pointed out, the Legislature has provided that such marshal shall be elected by the qualified voters of the city (§ 9801, Pope's Digest), or in case of a vacancy in the office of marshal by a majority vote of the City Council (§ 9811). At most, he was but a *de facto* officer, under color of his appointment by the City Council. We held in *Hill* v. *Rector,* 161 Ark. 574, 256 S. W. 848, that: (Headnote 2) "A *de facto* officer has no right to the emoluments of an office the duties of which he performs under color of an appointment but without legal title." The City of Clinton, therefore, does not owe appellee anything.

Even if appellee were eligible to hold the office of marshal and had been appointed by the Council to fill a vacancy under § 9811, *supra,* his position would not be improved here for the reason that the term of his office would not have expired until April, 1948, and his salary increases (far in excess of the amount here involved) received by him since his initial appointment, May 1, 1946, have been in violation of the provisions of § 9581, which prohibits any increase during the term of his appointment as indicated. *Barnes* v. *Williams,* 53 Ark. 205, 13 S. W. 845, and *Weeks* v. *Texarkana,* 50 Ark. 81, 6 S. W. 504.

822

For the error indicated, the judgment is reversed and the cause dismissed.