The Honorable Nick Wilson State Senator P.O. Box 525 Pocahontas, AR 72455
Dear Senator Wilson:
This is in response to your request for an opinion regarding A.C.A. 14-42-113. You have asked, specifically, whether this provision prohibits a reduction in salary during an official's term of office if the official voluntarily agrees to the reduction in order to benefit the city during a revenue shortage.
A.C.A. 14-42-113 states as follows:
 The salaries of officials of cities of the first and second class and incorporated towns may be increased, but not decreased during the term for which they officials have been elected or appointed.
The courts have generally been asked to construe this provision, and language of predecessor acts (see Act Mar. 9, 1875, No. 1, 86; Acts 1961, No. 289, 1) in connection with an attempted increase in salary or a challenged reduction during the official's term. See, e.g., Barnes v. Williams, 53 Ark. 205, 13 S.W. 845 (1980); Thomas v. Sitton, 213 Ark. 816, 212 S.W.2d 710 (1948); Laman v. Moore,193 Ark. 446, 100 S.W.2d 971 (1937). While there are no cases addressing the issue of a voluntary reduction, the Arkansas Supreme Court has stated that once a salary is set, it cannot be changed during that officer's tenure. Jeffrey v. City of Mt. View, 235 Ark. 657, 659, 361 S.W.2d 540 (1962).
It is well-established that legislative intent must be discerned from the language employed if a statute is clear and unambiguous on its face. Mourot v. Ark. Bd. of Dispensing Opticians, 285 Ark. 128685 S.W.2d 502 (1985). In the absence of some alternative expression of legislative intent or case law authority, we must conclude that 14-42-113 prohibits the city from taking official action to decrease an official's salary during his or her term of office. The language appears to be clear in this regard.
It should be noted, however, that A.C.A. 14-42-113 would not appear to impact the official's personal decision with respect to retention of salary payments. This Code provision is, instead, directed toward action taken by the city in effecting a salary decrease.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.