The Honorable Jonathan Fitch State Senator R.R. 1 Hindsville, Arkansas 72738
Dear Senator Fitch:
This is in response to your request for an opinion on two questions concerning the appointment and terms of appointed members of city commissions. Your two questions are as follows:
 1. Does Arkansas law require that appointed members of city commissions be qualified electors of that city?
 2. When local ordinance or state legislation specifies a length of term for appointed commissioners, does the incumbent continue to hold his position after the expiration of his term and until a successor is appointed, or does the position become vacant?
It is my opinion that the answer to your first question is "yes," and the answer to the second question is that an appointed commissioner continues to hold his position.
Your first question is drafted generally, without reference to any particular city commission. Various state statutes may individually require "qualified elector" status as a condition of eligibility to serve on specified commissions. See, e.g., A.C.A. §§ 14-47-134 (regarding offices in cities with the city manager form of government), 14-48-126 (regarding offices in cities with the city administrator form of government), 14-201-105(a)(1) (Cum. Supp. 1991) (city utility commissioners), and 14-234-303
(waterworks commissioners). Reference to the individual statutes or ordinances governing a particular commission could thus be had to determine the issue.
In my opinion, however, a provision of the Arkansas Constitution governs the question as regards all city "offices."[1]
Article 19, § 3 of the Arkansas Constitution provides:
 No persons shall be elected to or appointed to fill a vacancy in any office who does not possess the qualifications of an elector.
Although the express terms of this provision appear limited to the filling of "vacancies" in office, as opposed to the appointment or election of an individual after the regular expiration of a term, the Arkansas Supreme Court has consistently applied this provision in the latter situation.
It has been generally held that a "vacancy" exists where in fact the office has no incumbent who has a lawful right to continue therein until the happening of some future event. State v. Askew,48 Ark. 82 (1886); Futrell v. Oldham, 107 Ark. 386 (1913). This is not the case where the term of an office merely expires and is to be filled in the regular course through election or appointment, because as stated below in response to your second question, all incumbents continue to hold office until their successors are elected and qualified. There is no true "vacancy" in these instances. The term "vacancy" generally refers, instead, to cases of death, resignation or removal. Askew, supra.
Despite this definition of "vacancy," the Arkansas Supreme Court appears to have consistently applied Article 19, § 3 to instances where no true "vacancy" exists, but where there has merely been an election or appointment to fill an office after the expiration of a regular term. See Davis v. Holt, 304 Ark. 619,804 S.W.2d 619 (1991); Charisse v. Eldred, 252 Ark. 101, 477 S.W.2d 480
(1972); and Thomas v. Sitton, 213 Ar. 816, 212 S.W.2d 710 (1948). In light of these holdings, it is my opinion that under Article19, § 3 of the Arkansas Constitution, appointed members of city commissions, if city "officers," are required to be qualified electors of the city.
The answer to your second question is that the commissioner continues to hold office. Article 19, § 5 of the Arkansas Constitution provides:
 All officers shall continue in office after the expiration of their official terms until their successors are elected and qualified.
It is thus my opinion that to the extent the members of the city commissions to which you refer are "officers," they will continue in office until their successors are chosen and qualified.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Ark. Const. art. 19, § 4, which requires residence of all civil officers in their respective districts, counties, and townships, does not apply to city offices.