The Honorable Dan Harmon Prosecuting Attorney Seventh Judicial District 217 W. Conway Benton, Arkansas 72015
Dear Mr. Harmon:
This is in response to your request for an opinion on whether the City of Donaldson can appoint a representative to the Solid Waste Authority Board in Hot Spring County who is not a resident of the City of Donaldson.
It is my opinion that absent any requirement of city residence in the ordinance creating the authority, the answer to your question is "yes," as long as the individual in question resides in the unincorporated area of the county or in an incorporated area which is a member of the authority.
It is my understanding that Hot Spring County and the incorporated town of Donaldson, and possibly the incorporated town of Friendship, have acted under the "Joint County and Municipal Solid Waste Disposal Act," codified at A.C.A. §14-233-101—121, to create a sanitation authority. See Op. Att'y. Gen. 91-156 at 3. The creation of the authority is accomplished by the passage of an ordinance by each political subdivision participating and by the filing of an application with the Secretary of State which, upon approval, constitutes the authority as a "public body and a body corporate and politic." A.C.A. § 14-233-105. The subchapter provides for the appointment of a board of directors, by stating that: "[e]ach sanitation authority shall consist of a board of directors appointed by the governing bodies of the respective municipalities and counties which are members of the authority." A.C.A. § 14-233-108(a). No further requirements as to the appointment of directors or the eligibility of persons to serve as director are set out in the subchapter. Section 14-233-105, however, does require that both the ordinances and the application to the Secretary of State specify the number of directors and the voting rights of each. A.C.A. §§ 14-233-105(b)(3) and (b)(4)(D). Reference should therefore be had to the relevant ordinances and application for any residency requirements contained therein.
Absent any such requirement, I can find no provision of Arkansas law which would prohibit the Town of Donaldson's representative from residing outside the town, assuming of course, that he or she resides within the area served by the authority.
Article 19, §§ 3 and 4 of the Arkansas Constitution are of relevance to your question. The former provides that:
 No persons shall be elected to or appointed to fill a vacancy in any office who does not possess the qualifications of an elector.
Although the language of this provision refers to the filling of "vacancies," it has apparently been applied in cases of regular elections and routine appointments after the expiration of a term. See e.g. Thomas v. Sitton, 213 Ark. 816,212 S.W.2d 710 (1948); Charisse v. Eldred, 252 Ark. 101, 477 S.W.2d 480
(1972); and Davis v. Holt, 304 Ark. 619, 804 S.W.2d 362 (1991). This provision has also been applied to city officers. Thomas,supra.
The provision above requires appointees to possess the "qualifications of an elector" which normally entails residence in a particular locale. Article 19, § 3 has been interpreted to require "residence in the political subdivision to be served by the elected official." Davis v. Holt, supra at 623. The question thus raised in the instant situation is whether the "political subdivision to be served" is the Town of Donaldson or the "sanitation authority," which at its broadest, encompasses the territory in the unincorporated areas of the county and in the incorporated areas which are members of the authority.
It is my opinion that, even though appointed by the governing body of a member municipality, a director of a sanitation authority serves the authority and exercises power within the limits of the areas served by the authority. Absent any requirement in the relevant ordinances as to residence, art. 19, § 3 does not require residence in the municipality. Cf.Baldwin v. City of Buffalo, 6 N.Y.S.2d 168, 160 N.E.2d 443
(1959).
Neither, in my opinion, does art. 19, § 4 stand as a prohibition in this regard. That provision states that:
 All civil officers for the State at large shall reside within the State, and all district, county and township officers within their respective districts, counties, and townships. . . .
This provision, which does not apply to municipal officers, would require only residence in the "district" in the event the sanitation authority director was classified as a "district" officer.
It is therefore my opinion that the answer to your question is "yes," assuming that the individual in question resides in the area comprising the sanitation authority, and there is no requirement as to his or her residence in the relevant ordinances.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT
Attorney General
WB:cyh