The Honorable Allen Gordon State Senator Box 558 Morrilton, AR 72110
Dear Senator Gordon:
This is in response to your request for a supplemental opinion to Op. Att'y Gen. 91-399, a copy of which is enclosed, concerning the election of city marshals. That opinion concluded that, with respect to incorporated towns, a city marshal must reside in the town he represents. Your specific question is as follows:
 Is a candidate for office of city marshal required to reside within the city at the time of election?
I will assume that your question focuses on the residency requirement of city marshals elected in incorporated towns. It is my opinion that the Arkansas Constitution requires candidates for the office of city marshal in incorporated towns to reside in the town to which they will be elected one month next preceding the election.
It should be noted initially that as a general matter, in order to be eligible to serve in a municipal office, a candidate must possess those qualifications which are prescribed by constitutional and statutory provisions, and be free from statutory disqualifications. See generally 62 C.J.S.Municipal Corporations §§ 476-479 (1949). With regard to the issue of the qualification of officers, it was noted in Op. Att'y Gen. 91-399 that Article 19, § 3 of the Arkansas Constitution provides that "[n]o persons shall be elected to or appointed to fill a vacancy in any office who does not possess the qualifications of an elector." This article has been interpreted to require a marshal's residence in the town he serves. Thomasv. Sitton, 213 Ark. 816, 212 S.W.2d 710 (1948). The qualifications of electors, set out at Article 3, § 1 of the Arkansas Constitution, include "reside[nce] in the State twelve months, in the county six months, and in the precinct, town or ward one month, next preceding any election at which they may propose to vote. . . ." The constitutional prerequisite for eligibility is thus residence by the candidate in the town he is to serve for at least one month next preceding the election.
This constitutional residency requirement was discussed by the Arkansas Supreme Court in McClendon v. Board of Health,141 Ark. 114, 216 S.W. 289 (1919), with regard to the office of city manager. The court struck that provision of a statute which allowed a city manager to be a non-resident of the city at the time of his appointment, and in so doing, stated that such a provision was contrary to Article 9, § 3 of the Constitution providing that no person shall be elected or appointed to fill an office who does not possess the qualifications of an elector.141 Ark. at 121.
Accordingly, it is my opinion that Article 9, § 3 of the Arkansas Constitution requires a candidate for the office of city marshal to be a resident of the town one month next preceding the election.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
SD/WB:cyh