The Honorable Charlie Cole Chaffin State Senator 12180 I-30 Benton, Arkansas 72015
Dear Senator Chaffin:
This is in response to your request for an opinion on two questions concerning the appointment of an alderman to fill a vacancy in a city of the second class. You note that the appointee does not live in the ward in which the vacancy occurred, and the mayor is concerned about the validity of the actions of the council in such instance. Your two specific questions are as follows:
 1. Can a council member be appointed to fill a vacancy on a city council who does not reside in the ward where the vacancy occurs?
 2. Can a city council arbitrarily move the boundaries of a city ward?
It is my opinion that the answer to both of your questions is "no."
Section 14-44-104, which applies to cities of the second class, provides as follows:
 Whenever a vacancy shall occur in the office of alderman in any city of the second class, at the first regular meeting after the occurrence of the vacancy, the city council shall proceed to elect, by a majority vote of the council, an alderman to serve for the unexpired term.
This statute is silent on the qualifications of the appointee. It is clear, however, that "candidates" for alderman in cities of the second class must reside in the ward from which they seek election. A.C.A. § 14-44-103(b)(1)(A). If a "duly elected alderman" ceases to reside in the ward, a vacancy is created. A.C.A. § 14-44-103 (b)(2). Additionally, the Arkansas Constitution, at Article 19, § 3, provides as follows:
 No person shall be elected to or appointed to fill a vacancy in any office who does not possess the qualifications of an elector.
This provision has been held to apply to city officers, Thomasv. Sitton, 213 Ark. 816, 212 S.W.2d 710 (1948), and has been interpreted to require residence in the "political subdivision" to be served by the elected official. Davis v. Holt,304 Ark. 619, 804 S.W.d 362 (1991). Although it is not entirely clear whether this provision would require residence only within the city, or whether it would indeed require residence in the ward, it is my opinion that the Arkansas Supreme Court would, if faced with the question, construe this provision to require residence in the ward, as is required of candidates for the office.
The mayor's concern over the validity of actions of the council may be alleviated by the fact that the officer in question is in all likelihood a "de facto" officer, which is defined as one who by some color of right is in possession of the office and for the time being performs its duties with public acquiescence, though having no right in fact. Appleby v. Belden Corp.,22 Ark. App. 243, 738 S.W.2d 807 (1987). The acts of such officers are valid. Id.
In response to your second question, it is my opinion that a city council cannot "arbitrarily" move ward boundaries. Section14-44-102 of the Arkansas Code gives the city council in a city of the second class the authority to redistrict wards "when they determine that the people can best be served by adding wards, combining wards, or changing ward boundary lines to equalize the populations in the various wards." § 14-44-102(a). It appears that this statute contemplates the changing of boundary lines only to "equalize the populations" of the various wards. Additionally, the statute gives the circuit court the authority to redistrict the wards if it finds that the redistricting by the council was "arbitrary and capricious." A.C.A. § 14-44-102(b)(2). It is thus my opinion, in response to your second question, that a city council cannot "arbitrarily" redistrict city wards. Of course, whether a particular action in this regard is "arbitrary" is a question of fact.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh