The Honorable Pat Flanagin State Representative P.O. Box 867 Forrest City, AR 72335-0867
Dear Representative Flanagin:
This is in response to your request for an opinion on the following question:
 Does the mayor of an incorporated town have to be a resident of that incorporated town?
It is my opinion that a person is not eligible for the position of mayor of an incorporated town unless he or she is a resident of the town.
Although the Arkansas Code appears to be silent on the question, as you have noted, Article 19, Section 3 of the Constitution of Arkansas is relevant to the question. In my opinion, this provision and case law construing it require the conclusion above. Article 19, Section 3 states that "[n]o person shall be elected to or appointed to fill a vacancy in any office who does not possess the qualifications of an elector." Recently the Arkansas Supreme Court characterized Article 19, § 3 as requiring residence in the political subdivision to be served by the elected official. Davis v. Holt, 304 Ark. 619, 804 S.W.2d 362
(1991). This constitutional provision has been held applicable to cities and incorporated towns (although as to the latter, the holding appears to be dicta). Thomas v. Sitton, 213 Ark. 816,212 S.W.2d 710 (1948) (holding that marshals in cities of the second class and incorporated towns must be residents of the city or town under this provision). See also Op. Att'y Gen. No.88-208 (copy enclosed). Thus, in my opinion, this constitutional provision must be read to require that the mayor of an incorporated town be a resident of the town.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General T. Jeff Vining.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure