Robert R. Hoffman, D.C., President Arkansas State Board of Chiropractic Examiners 501 Woodlane, Suite 136 Little Rock, AR 72201
Dear Dr. Hoffman:
This is in response to your request for an opinion on the following:
 If a Board member has moved out of the state of Arkansas, but still owns and operates his clinic, pays taxes, receives mail and maintains his voter registration in Arkansas, would he be considered a resident, qualified to be a member according to A.C.A. § 17-81-202?
You have referenced A.C.A. § 17-81-202 (Repl. 1992), which requires the members of the Arkansas State Board of Chiropractic Examiners to be residents of this state. The section, however, offers no guidance as to the meaning of "resident," and my research has not disclosed any cases that construe the meaning of "resident" as used in this statute. Thus, I should begin by saying that only a court can answer this question conclusively. The following analysis should be of help to you, however.
It is clear that in order to serve as a member on the Arkansas State Board of Chiropractic Examiners, one must be a resident of Arkansas. In addition to the statute already mentioned, this is required by the Constitution of Arkansas. See Ark. Const. art. 19, §§ 3[1] and 4.[2]
The definition of resident, however, is not always so plain. It has been held that in determining the qualifications of voters and public officials, the word "residence" has usually been treated as if it were synonymous with "domicile" and is thus dependent to some extent upon the intention of the person involved. See Charisse v. Eldred, 252 Ark. 101,477 S.W.2d 480 (1972). Domicile and residence have distinctive meanings. Residence is the actual physical place of abode, while domicile is the permanent residence of a person or the place to which he intends to return even though he may actually reside elsewhere.Black's Law Dictionary, p. 1176 (5th ed. 1979). A person may reside in one place, and yet retain a domicile in another.Missouri Pacific Railroad Company v. Lawrence, 215 Ark. 718,223 S.W.2d 823 (1949). If, however, an individual has removed his residence to a new location and intends to make it his permanent and fixed home, and remain there indefinitely, he will be deemed to have abandoned his former domicile.
Among the factors looked at to determine whether a person has requisite intent to establish a domicile in a particular place are declarations of the parties, exercise of political rights, payment of personal taxes, a house of residence, and a place of business. The resolution of this issue will involve a determination of fact, and as such the questions can only be definitively resolved by a court.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:DDM/cyh
[1] Article 19, § 3 states that: "[n]o person shall be elected to or appointed to fill a vacancy in any office who does not possess the qualifications of an elector." The qualified elector requirement in this section has been interpreted by the Arkansas Supreme Court to require residence in the political subdivision to be served by the official. Davis v. Holt, 304 Ark. 619,804 S.W.2d 362 (1991) (citing Thomas v. Sitton, 213 Ark. 816,212 S.W.2d 710 (1948).
[2] Article 19, § 4 states that: "[a]ll civil officers for the State at large shall reside within the State, and all district, county and township officers within their respective districts, counties, and townships, and shall keep their offices at such places therein as are now or may hereafter be required by law."