The Honorable Jerry Hunton State Representative 14221 Greasy Valley Road Prairie Grove, Arkansas 72753
Dear Representative Hunton:
This opinion is being issued in response to your recent questions regarding city attorneys. You have presented the following specific questions:
 (1) Is there a conflict of interest or an impropriety for a licensed attorney to be an elected city attorney of a city of the first class, city attorney for three cities of the second class, and a private practicing attorney, all in the same county?
(2) Would such a situation be illegal?
 (3) If there is a conflict among any of the entities listed in Question 1, which would take precedence?
RESPONSE
Question 1 — Is there a conflict of interest or an impropriety for alicensed attorney to be an elected city attorney of a city of the firstclass, city attorney for three cities of the second class, and a privatepracticing attorney, all in the same county?
It is my opinion that the situation that you have described in Question 1 does not carry an inherent conflict of interest or other ethical problem, unless the attorney in question represents criminal defendants in any court in the same judicial district as that in which he or she serves as city attorney. I have previously opined that city attorneys may not represent criminal defendants in any court in the same judicial districts in which they serve as city attorney. See Op. Att'y Gen. No. 95-243, a copy of which is enclosed. That opinion was based upon and consistent with this office's earlier opinions regarding the same prohibition that is imposed upon prosecuting attorneys. See Ops. Att'y Gen. Nos. 95-083
and 93-133, copies of which are enclosed. This prohibition arises out the inherent conflict that would exist between the prosecuting attorney's public duties and his or her duties to the criminal defendant. Id. As I indicated in Opinion No. 95-243, it is my opinion that the prohibition applies to city attorneys as well, because their public duties require them to act as prosecuting attorneys in their cities. The same concerns and considerations would therefore be present as are present in situations involving prosecuting attorneys. I therefore reiterate my position that a city attorney may not represent criminal defendants in any court in the same judicial district as that in which he or she serves as city attorney.[1]
Although I have opined that (other than as discussed in the previous paragraph) the situation that you have described does not carry aninherent conflict of interest, it should be noted that other types of conflict of interest or ethical problems could arise out of the facts of particular cases. Potential conflicts of interest and ethical considerations must be monitored and determined on a case by case basis.See Ops. Att'y Gen. No. 94-102.
Question 2 — Would such a situation be illegal?
Arkansas law does not prohibit the situation that you have described. It is therefore my opinion that such a situation would not be illegal, presuming that the situation does not inhibit compliance with other requirements of the law regarding the positions in question.
For example, the residency requirements for city attorneys must be met. Because city attorneys are "officers" (see Ops. Att'y Gen. 90-081), they must, pursuant to the provisions of Article 19, § 3 of the Arkansas Constitution, be "qualified electors." The Arkansas Supreme Court has interpreted the requirement of "qualification as an elector" to mean residence in the political subdivision in question. See Davis v. Holt,304 Ark. 619, 804 S.W.2d 362 (1991); Charisse v. Eldred, 252 Ark. 101,477 S.W.2d 480 (1972); Thomas v. Sitton, 213 Ark. 816, 212 S.W.2d 710
(1948); Att'y Gen. Op. No. 92-045. Therefore, city attorneys must reside in the cities which they serve.
Notwithstanding the requirements of Article 19, § 3 of the Arkansas Constitution, Arkansas law does make a provision for non-resident attorneys to serve as city attorneys for cities of the second class.[2]
Under this provision, non-resident attorneys may serve cities of the second class if no attorney resides within those cities, or if no resident attorney has been elected as municipal attorney in those cities. See A.C.A. § 14-42-112. The law makes no provision for non-resident attorneys to serve as city attorney for cities of the first class. It may therefore be concluded that the attorney about whom you have inquired must reside in the city of the first class which he or she serves. Because the attorney would therefore be a non-resident of the three cities of the second class, it must also be concluded that he or she can only serve the those cities of the second class pursuant to the provisions of A.C.A. § 14-42-112, i.e., if no attorney resides within those cities, or if no resident attorney has been elected as municipal attorney in those cities.
In addition to these residency requirements, other requirements affecting an attorney's simultaneous service as city attorney and practice as a private attorney may arise out of the particular facts surrounding specific cases. Such particular requirements would be determinable only on a case by case basis.
Assuming compliance with all such requirements of the law, I conclude that the situation that you have described is not illegal.
Question 3 — If there is a conflict among any of the entities listed inQuestion 1, which would take precedence?
It is my opinion that the answer to Question 3 will depend upon the nature of the particular conflict and the surrounding facts of the situation. It is my opinion, further, that the matter will be governed by the Model Rules of Professional Conduct, which are in effect in Arkansas. See In the Matter of the Arkansas Bar Association, 287 Ark. 495,702 S.W.2d 326 (1985).
One of the primary considerations that will come into play in the event of an unresolvable conflict among the entities that you have described is the question of whether or not representation has already been undertaken at the time that the conflict arises. The situation will be easily dealt with if the conflict is one between an existing client and a potential client (e.g., a situation in which the attorney is already serving as city attorney for one of the cities, and is approached in his or her private capacity to represent a party whose interests are directly adverse to the city's.) Clearly, the attorney should simply decline to undertake representation of the potential client. See Model Rule of Professional Conduct 1.7.[3]
The more difficult situation will be that in which a conflict among clients arises after the attorney has already undertaken their representation. Such a situation is addressed by the comment to Rule 1.7, which states:
 If such a conflict arises after representation has been undertaken, the lawyer should withdraw from the representation. See Rule 1.16. Where more than one client is involved and the lawyer withdraws because a conflict arises after representation, whether the lawyer may continue to represent any of the clients is determined by Rule 1.9. See also Rule 2.2(c).
Model Rule of Professional Conduct 1.7, Comment.
Of the rules referred to in the above-quoted comment, Rule 2.2(c) most directly addresses the situation that you have described, i.e., the situation in which a conflict arises among the various clients whom an attorney is currently representing.[4]
Rule 2.2(c) states:
 A lawyer shall withdraw as intermediary[5] if any of the clients so requests, or if any of the conditions stated in paragraph (a) [consent] is no longer satisfied. Upon withdrawal, the lawyer shall not continue to represent any of the clients in the matter that was the subject of the intermediation.
Model Rule of Professional Conduct 2.2(c).
Rule 2.2(c) unequivocally requires that if an unresolvable conflict arises among existing clients, none of their interests may take precedence in the matter involving the conflict. The attorney may not continue to represent any of the affected clients in that matter. It should be noted that the language of the rule uses the mandatory term "shall" ["shall not continue to represent"].
Upon the basis of the terms of Rule 2.2(c), therefore, I must conclude that if an unresolvable conflict should arise in the situation that you have described, after representation has already been undertaken, the attorney in question may not continue to represent any of the affected clients in the matter out of which the conflict arises.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] You have not asked nor have I addressed the question of whether the attorney in question may ethically represent criminal defendants in judicial districts other than that in which he or she serves.
[2] I have previously noted that this provision for non-resident city attorneys may be constitutionally suspect because of its conflict with Article 19, § 3. See Op. Att'y Gen. No, 94-069.
[3] It should be noted that Rule 1.7 allows for the representation of adverse clients under certain circumstances with their consent. Your question, however, appears to imply a situation in which a choice between clients must be made.
[4] Rule 1.16 appears to address conflict situations affecting only one client. Rule 1.9 addresses potential conflicts between an attorney's former client and a potential client.
[5] An attorney's role as "intermediary" encompasses the representation of multiple clients whose interests are adverse to one another. The comment to Rule 2.2 defines the term "intermediary," as used in the rule, as follows:
 A lawyer acts as intermediary under this Rule when the lawyer represents two or more parties with potentially conflicting interests.
Model Rule of Professional Conduct 2.2, Comment.