The Honorable Stephen M. Simon State Representative 13 Bud Chuck Lane Conway, Arkansas 72032-9788
Dear Representative Simon:
This is in response to your request for an opinion on the following question:
 In a municipality of the second class, can the city government hire an attorney who lives outside of the city limits to be the city attorney when there is an attorney who resides in the city who wants the position?
The statutory law of Arkansas provides as follows:
 (a)(1) All cities of the second class and incorporated towns within the State of Arkansas may elect a municipal attorney at the time of the election of other officers of these cities of the second class and incorporated towns, if it is not established by ordinance that the office of the city attorney will be appointed.
 (2) All municipal attorneys elected under the provisions of this section shall be regularly licensed attorneys of this state. When no attorney resides within the limits of the city or town or when no resident attorney has been elected as municipal attorney, the mayor and city or town council may appoint any regularly licensed attorney of this state to serve as the municipal attorney.
A.C.A. § 14-42-112 (Supp. 1997, as amended by Act 645 of 1997).
The emphasized language in (a)(1) was added by Act 645 of 1997 to make clear that a second class city or town has the option of appointing, rather than electing, a city attorney. They must do so with the passage of an ordinance to this effect. Litigation had arisen under the former statutory provision concerning whether a nonresident appointed city attorney could continue to serve when a resident attorney wished to stand for election to the position. See, e.g., Cate v. Washington Board ofElection Commissioners, et al. (Washington County Cir. Court, No. CIV 96-976, Order entered Nov. 16, 1996). At least one circuit court ruled that an election must be held, and only if the election failed to fill the position could an appointed city attorney be employed. Id. An appeal of the matter was eventually dropped and in the interim, the Arkansas General Assembly amended the relevant statute (A.C.A. § 14-42-112) to make clear that such cities and towns could appoint, rather than elect, a city attorney if they adopted an ordinance to that effect.
The issue of the city attorney's non-residence was not addressed by the circuit court ruling, although it was raised by the plaintiff. It is the second paragraph of the relevant statute, specifically the language of §14-42-112(a)(2) emphasized above, which is relevant to this question. It was added to the statute years before, by Act 161 of 1975. It was originally intended to apply in cases where the election process failed to produce an elected city attorney. See Acts 1975, No. 161 (title and emergency clause). The 1975 act states that in instances where no attorney resides within the city limits or when no resident attorney has been elected, the city council may appoint any licensed attorney of the state. Reading the plain language of this provision after and with reference to the 1997 amendment lends toward the conclusion that the city could appoint any attorney of its choosing, without regard to whether a resident attorney wanted the position. If "no resident attorney has been elected," the language of (a)(2) allows the city to appoint any regularly licensed attorney in the state. It is difficult to construe the pre-existing language of the statute, however, after the changed circumstances brought about by the 1997 amendment. When the language "no resident attorney has been elected" was added in 1975, it was based upon the premise that no resident attorneys, if any, filed for election for the position. The question is whether the language "no resident attorney has been elected" should now be construed in light of the fact that currently such attorneys may be appointed rather than elected, and thus any time a city attorney is to be appointed, the mayor and council may appoint any qualified attorney of the state. The question is ultimately one of legislative intent. It has been stated that:
 In accordance with the general rule of construction that a statute should be read as a whole, as to future transactions the provisions introduced by the amendatory act should be read together with the provisions of the original section that were reenacted or left unchanged, in the amendatory act, as if they have been originally enacted as one section.
Sutherland's, Statutory Construction § 22.34 (5th ed. 1992) (footnotes omitted).
Strictly speaking, the General Assembly did not address the residence issue in its 1997 legislation, and limited its amendment to the question of whether the city could appoint, rather than elect, a city attorney. In any event, in my opinion, viewing the legislative history as a whole, and taking into account contemporary circumstances surrounding the passage of the 1997 amendment, the legislative intent was to allow the city to appoint a city attorney of its choosing, notwithstanding the fact that a new attorney moved to town, established a residence, and on that basis demanded election to the position. The city's prerogative in this regard would be no less thwarted by such an attorney setting up residence and then demanding the position by appointment. It has been stated in this regard that:
 Since an amendment changes an existing statute, the general rule of statutory interpretation that the surrounding circumstances are to be considered is particularly applicable to the interpretation of amendatory acts. The original act or section and conditions thereunder must be considered. Judicial and executive interpretation of the original act must be given special consideration. The court will determine what defects existed in the original act, which defect the legislature intended to cure, and then construe the amendment so as to reduce or eliminate the defect intended to be remedied.
Sutherland's, Statutory Construction § 22.31 (5th ed. 1992) (footnotes omitted).
In my opinion therefore, in light of the foregoing legislative history, the language of A.C.A. § 14-42-112 was intended to authorize a city to appoint a non-resident attorney as city attorney, notwithstanding the fact that a resident attorney is interested in the position. A lingering constitutional question may persist in this regard, however.
Article 19, § 3 of the Arkansas Constitution provides as follows:
 No persons shall be elected to or appointed to fill a vacancy in any office who does not possess the qualifications of an elector.
This provision has been interpreted to require residence in the political subdivision to be served. Davis v. Holt, 304 Ark. 619, 804 S.W.2d 362
(1991). It may be argued, however, whether this provision has applicability to appointive, rather than elective offices. It clearly applies to persons holding elective offices (i.e., those "elected"), and also to persons "appointed to fill a vacancy." If an office is always appointive, and not regularly elected, as is now authorized for city attorneys in cities of the second class, it could be argued that such a person is neither "elected" nor "appointed to fill a vacancy" for purposes of this provision; and as such the "qualified elector" requirement, which includes residence, does not attach.[1] The issue of art. 19, § 3's applicability to appointive offices is addressed by the Arkansas Supreme Court decision of Thomas v. Sitton, 213 Ark. 816, 212 S.W.2d 710 (1948) in which the court appears to apply this provision to an appointed nonresident marshall in a second class city. (The court also held that the nonresident marshall should have been elected rather than appointed, and it is unclear on which of these bases the court ruled him ineligible for service.) In addition, the Arkansas Supreme Court has stated that an appointed city manager must, pursuant to art. 19, § 3, be a resident of the city at the time of his appointment. McClendon v. Board of Health,141 Ark. 114, 216 S.W. 289 (1919). See also Ops. Att'y Gen. 95-296; 93-095; 92-045; 91-383; and 91-283 (applying art. 19, § 3 to appointive city offices).
In summary, therefore, the Arkansas legislature appears to have answered your question in the affirmative as long as the city in question has passed an ordinance allowing the appointment, rather than the election, of a city attorney. A constitutional question may remain, however, as to whether this legislative intention is consistent with Arkansas Constitution, art. 19, § 3, as interpreted by the Arkansas Supreme Court. Statutes are, of course, presumed constitutional, absent a clear indication to the contrary.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] Arkansas Constitution, art. 19, § 4 contains a more straightforward residency requirement, and is not restricted to elective offices, but does not, by its terms, apply to municipal offices.