The Honorable Shane Broadway State Representative and Speaker Arkansas House of Representatives 201 S.E.2d Street Bryant, Arkansas 72022-4025
Dear Representative Broadway:
I am writing in response to request for an opinion "on the legality of an appointed treasurer living outside the city limits." You note that current Arkansas law requires an elected treasurer to reside within the city limits, but is not specific on an appointed treasurer.
RESPONSE
In my opinion an appointed city treasurer must be a qualified elector of the relevant city. Qualified elector status includes residence, or more specifically, "domicile" within the city. A finding of domicile requires residence and intention to make the place a permanent home. Residence and intention of the officer as to his or her permanent home are evidenced by the officer's actions. The determination of domicile is a question of fact in each instance.
You have not indicated whether the treasurer at issue was appointed to fill a vacancy or whether the office of treasurer has simply been made an appointive position under state law. In the former situation, A.C.A. §14-42-103(b) (Repl. 1998) provides, in the case of a vacancy, that the governing body of the city "may appoint any qualified elector . . . to fill the vacancy." (Emphasis added). With regard to the latter situation, § 14-43-405 (Supp. 2001) authorizes cities of the first class having the mayor council form of government to provide by ordinance for the election or appointment of the city treasurer. It does not specify any residency requirement.[1]
In my opinion, however, under either situation mentioned above, the appointed treasurer must be a qualified elector of the city. This conclusion is compelled by Arkansas Constitution, art. 19, § 3, which provides:
 No person shall be elected to or appointed to fill a vacancy in any office who does not possess the qualifications of an elector.
This provision has been held to apply to city officers, Thomas v.Sitton, 213 Ark. 816, 212 S.W.2d 710 (1948), and has been interpreted to require residence in the "political subdivision" to be served by the elected official. Davis v. Holt, 304 Ark. 619, 804 S.W.2d 362 (1991). As stated in Op. Att'y. Gen. 98-041, however:
 It may be argued . . . whether this provision has applicability to appointive, rather than elective offices. It clearly applies to persons holding elective offices (i.e., those" elected"), and also to persons "appointed to fill a vacancy." If an office is always appointive, and not regularly elected . . . it could be argued that such a person is neither" elected" nor "appointed to fill a vacancy" for purposes of this provision; and as such the "qualified elector" requirement, which includes residence, does not attach. [Footnote omitted]. The issue of art. 19, § 3's applicability to appointive offices is addressed by the Arkansas Supreme Court decision of Thomas v. Sitton, 213 Ark. 816, 212 S.W.2d 710 (1948) in which the court appears to apply this provision to an appointed nonresident marshal in a second class city. The court also held that the nonresident marshal should have been elected rather than appointed, and it is unclear on which of these bases the court ruled him ineligible for service. In addition, the Arkansas Supreme Court has stated that an appointed city manager must, pursuant to art. 19, § 3, be a resident of the city at the time of his appointment. McClendon v. Board of Health, 141 Ark. 114, 216 S.W. 289 (1919). See also Ops. Att'y Gen. 95-296; 93-095; 92-045; 91-383; and 91-283 (applying art. 19, § 3 to appointive city offices).
In my opinion the article 19 § 3 "qualified elector" requirement applies to an appointed city treasurer. Cf. McClendon v. Board of Health,141 Ark. 114, 216 S.W. 289 (1919) (applying the requirement to an appointed city manager). In my opinion, therefore, an appointed city treasurer must be a qualified elector of the city.
As mentioned above, qualified elector status for office-holding purposes is determined by the officer's domicile. See A.C.A. § 7-5-201(b) (conditioning voter residence on domicile); Valley v. Bogard,342 Ark. 336, 345, 28 S.W.3d 269 (2000), citing Charisse v. Eldred,252 Ark. 101, 102-03, 477 S.W.2d 480,480 (1972) (equating "residence" with "domicile" in determining the qualifications of a public official). Generally, "residence" ordinarily means physical presence within the jurisdiction while "domicile" also includes the subjective intent to maintain one's permanent home in the jurisdiction. Hogan v. Davis, 243 Ark. 763,422 S.W.2d 412 (1967). A person may have two places of residence, but only one domicile. The Arkansas Supreme Court has stated that "domicile" is dependent to some extent upon the intention of the person involved.Charisse v. Eldred, supra, citing Phillips v. Melton, 222 Ark. 162,257 S.W.2d 931 (1953); Ptak v. Jameson, 215 Ark. 292, 220 S.W.2d 592 (1949);Wilson v. Luck, 201 Ark. 594, 146 S.W.2d 696 (1941); and Wheat v. Smith,50 Ark. 266, 7 S.W. 161 (1887). See also Pike Co. Sch. Dist. No. 1,supra; Op. Att'y Gen. Nos. 95-222A and 92-112. The determination of a person's domicile is a question of fact in each instance. Phillips v.Melton, 222 Ark. 162, 257 S.W.2d 931 (1953).
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] You have not indicated what classification of city is at issue. The constitutional provision on which this opinion hinges, however, (article 19, § 3) would be applicable to any classification of city.