The Honorable Jack Critcher State Senator 24 Rillington Drive Batesville, Arkansas 72501-3711
Dear Senator Critcher:
I am writing in response to your request for an opinion on the following:
An attorney living inside the city limits of a first class city ran for office of City Attorney and was elected. During the term, the individual moved outside the city limits.
 1. Under Article 19, Section 3 of the Arkansas Constitution, does an attorney seeking the office of City Attorney in a first class city have to live within the city limits where he is seeking office?
 2. Under the same Article, once elected to the office of City Attorney in a first class city, does the individual have to continue living within the city limits throughout his or her term?
 3. If the answer to the aforementioned question is yes, is Arkansas Code Annotated § 14-22-106[1] in conflict with the state constitution?
RESPONSE
In my opinion, with respect to Question One, the answer is "yes" because Article 19, § 3 of the Arkansas Constitution requires elected municipal officers to reside within the political subdivision the officer serves. With respect to Question Two, absent legislative clarification or judicial interpretation to the contrary, in my opinion an elected city attorney for a city of the first class must continue to reside within the city throughout his or her term of office pursuant to Article 19, § 3. With respect to Question Three, in my opinion A.C.A. § 14-43-314 (Supp. 2007) does not conflict with the Arkansas Constitution.
Question One: Under Article 19, Section 3 of the Arkansas Constitution, does an attorney seeking the office of City Attorney in a first class city have to live within the city limits where he is seeking office?
In my opinion, Article 19, § 3 of the Arkansas Constitution requires elected municipal officers, such as the city attorney described in your request, to reside within the political subdivision the officer represents.
Article 19, § 3 states:
 No persons shall be elected to, or appointed to fill a vacancy in, any office who does not possess the qualifications of an elector.
Id. (emphasis added).
Article 19, § 3 applies to city officers, and has been held to require the officer's residence in the political subdivision to be served by the official. Thomas v. Sitton, 213 Ark. 816, 212 S.W.2d 710 (1948); see also Davis v. Holt, 304 Ark. 619, 804 S.W.2d 362 (1991); and Op. Att'y Gen. 2002-105. A city attorney has been consistently referred to as an officer of the city or as an office of the municipality. See, e.g., Ops. Att'y Gen. 2007-059; 2006-113; 2002-209; and 97-038. As an officer of a city, a city attorney must meet the requirements set forth in Article 19, § 3 quoted above.
I have previously noted that the phrase "qualifications of an elector" in Article 19, § 3 includes a requirement of residency in the political subdivision to be served. See Op. Att'y Gen. 2007-055. In considering what standards for "residency" are required of a qualified elector, my immediate predecessor quoted with approval the following from an earlier opinion:
The Arkansas Supreme Court has interpreted the requirement of "qualifications of an elector" to include a requirement of residence in the political subdivision in question. See Thomas v. Sitton,213 Ark. 816, 212 S.W.2d 710 (1948).
The court has recognized that the term "residence" can be rather nebulous, in that a person can conceivably have more than one residence, or can have a temporary residence. See Davis v. Holt, 304 Ark. 619,804 S.W.2d 362 (1991). In construing the term "residence" for purposes of applying Article 19, § 3 of the Arkansas Constitution, however, the Arkansas Supreme Court appears to have equated "residence" with "domicile." Davis, supra; Charisse v. Eldred, 252 Ark. 101,477 S.W.2d 480 (1972). The term "domicile" reflects the idea of both physical presence and an intent to remain permanently. Davis, supra; Black's Law Dictionary at 435 (5th ed., 1979); Op. Att'y Gen. No. 94-208.
It should be noted that the question of domicile (and therefore the question of residence in the context of Article 19, § 3) is one of fact that must be determined on the basis of all of the relevant factors. Davis, supra; Charisse, supra. One of the most important factors to be considered in determining a person's domicile (i.e., residence) is intent. Id. I have previously opined that other factors that are relevant to this consideration are location of residence ownership; voter registration information; location of the exercise of voting rights; location of personal property tax assessment; and other statements and conduct of the person involved. See Op. Att'y Gen.88-208.
Op. Att'y Gen. 96-265 (quoted in Op. Att'y Gen. 2004-125); see also Op. Att'y Gen. 95-296 (equating "residence" with "domicile" for purposes of office-holding and opining that only a "resident" thus defined may serve on an Advertising Promotion Commission).
Therefore, because Article 19, § 3 requires all elected office holders to possess the qualities of a "qualified elector," which includes being a "domiciliary" of the political subdivision, in my opinion an individual seeking to be elected city attorney must be "domiciled" within the city. Whether a particular individual is domiciled within a city is a question of fact that can only be properly determined by a court or other finder-of-fact reviewing all pertinent surrounding facts and circumstances.
Question Two: Under the same Article, once elected to the office of City Attorney in a first class city, does the individual have to continue living within the city limits throughout his or her term?
Absent judicial interpretation or legislative clarification to the contrary, in my opinion Article 19, § 3 should be interpreted to require the continued residence of a city attorney within the city he or she serves throughout his or her term.
My research has not revealed any specific precedent on whether Article 19, § 3 creates a constitutional requirement for a municipal officer to maintain residence in the political subdivision being served. As noted above, Article 19, § 3 applies to municipal officers. I have previously opined that Article 19, § 3 prohibits "any individual domiciled outside the city" from serving as an officer of a municipality. Op. Att'y Gen.2007-055 at 8. The implication is that being a "qualified elector" is a qualification to hold office and if that qualification is absent, an individual would not be able to serve as an officer.[2] This common sense standard acknowledges that the Constitution requires a qualification to be eligible for office, and that it stands to reason that such qualification must continue to exist throughout the term for which the individual serves for the individual to remain eligible to fill the office. It would be absurd to require the residence of an individual in the municipality up to the day of his or her election but allow him or her to abandon the city's limits at some point thereafter.[3]
I am bolstered in my opinion by the language of A.C.A. § 14-43-314
(Supp. 2007). In addressing the procedure for a municipality when no resident attorney is elected or there is no resident attorney to serve as city attorney, A.C.A. § 14-43-314 authorizes a municipality to contract with a licensed attorney or law firm for contract legal services "until such time as a qualified city attorney may be elected or appointed." Id. at (c)(2)(A) (emphasis added). In specifically addressing city attorneys and contingencies for a municipality that may not have an attorney residing there, the General Assembly has labeled resident city attorneys, either elected or appointed, as "qualified." This demonstrates, in my opinion, the continuing nature of the qualification of residence-one who is not residing within the city is not qualified.
In my opinion, implicit in the residency requirement of 19, § 3 is the requirement that the officer continue to reside within the political subdivision being served. In my opinion, the answer to your second question is therefore "yes."
Question Three: If the answer to the aforementioned question is yes, is [Arkansas Code Annotated § 14-43-314] in conflict with the state constitution?
In my opinion, A.C.A. § 14-43-314 does not appear to violate Article19, § 3 of the Arkansas Constitution because it provides for contract legal services in the event that there is no qualified city attorney.
In pertinent part, A.C.A. § 14-43-413 states:
 (a)(1) The city attorney in any city of this state having a mayor-council form of government and having a population of fifty thousand (50,000) or more inhabitants shall be elected by the qualified electors of the city in the same manner as other municipal officials are elected.
 * * *
 (c)(1) If no attorney residing in the city is elected as city attorney, the city council may select a resident attorney to fill the office for the remainder of the unfilled term.
 (2)(A) If no resident attorney of the city is willing to serve as city attorney or if no attorney resides within the limits of the city, the mayor and city council may contract with any licensed attorney of this state or the attorney's firm to serve as legal advisor, counselor, or prosecutor until a qualified city attorney is elected or appointed.
 (B) The duties of a nonresident attorney under contract shall be prescribed by ordinance.
Id. (emphasis added).[4]
In assessing the constitutionality of a statute, the Arkansas Supreme Court has stated:
 Statutes are presumed constitutional, and the burden of proving otherwise is on the challenger of the statute. Ford v. Keith, 338 Ark. 487, 996 S.W.2d 20 (1999); ACW, Inc. v. Weiss, 329 Ark. 302, 947 S.W.2d 770 (1997). If it is possible to construe a statute as constitutional, we must do so. Jones v. State, 333 Ark. 208, 969 S.W.2d 618
(1998). In construing a statute, we will presume that the General Assembly, in enacting it, possessed the full knowledge of the constitutional scope of its powers, full knowledge of prior legislation on the same subject, and full knowledge of judicial decisions under preexisting law. McLeod v. Santa Fe Trail Transp. Co., 205 Ark. 225, 168 S.W.2d 413 (1943). We must also give effect to the legislature's intent, making use of common sense and giving words their usual and ordinary meaning. Kyle v. State, 312 Ark. 274, 849 S.W.2d 935 (1993).
Bunch v. State, 344 Ark. 730, 736, 43 S.W.3d 132 (2001).
Looking to the plain and ordinary language of A.C.A. § 14-43-314, it is clear that the General Assembly has differentiated between the "office" of city attorney and a contract lawyer engaged to provide services while there is no "qualified city attorney." The statute specifies that the contracted attorney is only to be used until a "qualified city attorney" may be elected or appointed. The plain and unambiguous language of A.C.A. § 14-43-314 providing for a municipality to contract with a licensed attorney for legal work until a qualified city attorney may be elected or appointed does not make the contracted attorney the city attorney or represent an "office" to which article 19, § 3 is applicable.
In my opinion, because the attorney or firm under contract pursuant to A.C.A. § 14-43-314 does not hold the office of city attorney, there is no constitutional conflict with the residency requirement in Art. 19, § 3 of the Arkansas Constitution.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Arkansas Code Annotated § 14-22-106 is a provision of the county purchasing statutes that addresses certain purchases that are exempt from the requirement of soliciting bids. I assume that this reference is a typographical error and that you intended to ask about A.C.A. §§14-43-314,-315, -319, which address the election or appointment of city attorneys in cities of the first class.
[2] Article 19, § 4 of the Arkansas Constitution specifically requires continued residence for State, county, and district officials, but is silent as to whether such a requirement also applies to municipal officers. An argument could be made that such exclusion indicates a lack of intent to apply such residency requirements to municipal officials; however the previous opinions of this office and statutory requirements persuade me otherwise.
[3] I note that, while aldermen, the mayor, recorder, and treasurer are statutorily required to maintain a residence within a municipality throughout the term of office by A.C.A. § 14-42-201(c) (Supp. 2007), there is no such statutory requirement for a city attorney. An argument could be made that the General Assembly did not intend to limit a city attorney's residency by the exclusion of it from the requirements in A.C.A. § 14-42-201. However, as noted above, absent judicial interpretation or legislative clarification, in my opinion Article 19, § 3 of the Arkansas Constitution impliedly requires a continuing qualification of residency on all office holders supported by the language of A.C.A. § 14-43-314.
[4] I note that identical pertinent language is found in A.C.A. §14-43-315 (Supp. 2007), addressing mayor-council cities with less than 50,000 residents and A.C.A. § 14-43-319 (Supp. 2007), addressing city attorneys in mayor-council cities of fewer than 5,000 residents. The analysis provided in this opinion, while solely referencing A.C.A. § 14-43-314, should be read as also applying to A.C.A. §§ 14-43-315 
319. When addressing the election or appointment of city attorneys in cities of the second class, the General Assembly used significantly different language in A.C.A. § 14-42-112. Because your question concerns a city attorney in a city of the first class, I will therefore not address A.C.A. § 14-42-112. See Op. Att'y Gen. 98-041 for a discussion of the constitutionality of A.C.A. § 14-42-112. *Page 1